## 14530

### WRIGHT v. LIFE & CASUALTY INS. CO. OF TENNESSEE

(192 S. E., 670)

February, 1937.

Mr. C. T. McDonald, for appellant, cites:

468

*Messrs. McEachin & Townsend,* for respondent, cite:

September 10, 1937.

The opinion of the Court was delivered by Mr. Justice Baker.

This is an action for the alleged fraudulent breach and cancellation of an insurance contract alleged to have been entered into by and between Sarah L. Wright and appellant, and comes to this Court on appeal from the refusal of the trial Judge to grant a nonsuit, and direct a verdict for appellant.

It would appear to be unnecessary to discuss any testimony other than that of respondent.

There were two policies applied for, an accident policy, not involved in this case, and a policy on the life of Sarah L. Wright. It is for the alleged fraudulent breach of the life policy that this action was brought.

The policy produced by appellant on notice of respondent, and appearing in the record as respondent's Exhibit 1, bears the date, of issue, August 17, 1936, and contains the following provision: " * * * This policy shall not take effect prior to the date of same, nor unless the first premium shall have been paid in cash, and the contract delivered and ac-

cepted during the lifetime and sound health of the insured. And if the insured is not in sound health at the time of the delivery of the policy it shall be void, whether the condition of bad health had its origin prior or subsequent to the application for this policy, or was not known to the assured. * * * "

Respondent's Exhibit 2 is a receipt as follows:

"Life and Casualty Insurance Company of Tennessee

"August 4, 1936

"District————Florence, S. C.,

"Received of Mrs. Sarah L. Wright the sum of 37c Dollars for App. Prem.

"$0.37                                    I. H. McCurry."

When appellant's agent reached the place of business and home of the respondent on August 17, 1936, with the policy in his possession, Mrs. Wright was dead—had died that morning. Respondent testified that the agent of appellant delivered the policy to him, and, when then and there informed of the death of his (respondent's) wife on that morning, asked for the policy back in order to check up on the death of Mrs. Wright. Respondent also testified that the agent had told him when the 37 cents premium was paid that the policy would take effect from that date, but on cross examination it developed that the 37 cents premium was paid by the insured's brother when neither the insured nor respondent was present, although respondent said he was in "town" on that date.

Respondent admitted that the policy placed in evidence was in the form of the policy applied for, but stated he did not admit that it was the correct date of the policy he had in his hands for a few moments on the 17th of August, 1936.

It is elementary that a party to a suit cannot put in evidence an instrument in writing, take advantage of the favorable portions thereof, and not be bound by the unfavorable.

The trial Judge refused the motion for a nonsuit, apparently on the theory that there was some testimony from which an inference could be drawn that the policy, though postdated to August 17, 1936, had been issued and mailed to its agent by appellant at a time when an inference could be drawn that the insured was in good health, and that there was a constructive delivery. Waiver is also mentioned, but certainly an agent could not waive the death of the party intended to be insured.

However, respondent was confronted with two insurmountable difficulties, the instruments in writing which he had introduced in evidence, (1) the receipt above set out, which could not possibly be construed as a "binding receipt," and (2) the policy, for the alleged fraudulent breach of which this suit was brought, dated August 17, 1936, and providing that it would not take effect prior to the date of same, and the contract delivered and accepted during the lifetime and sound health of the insured.

The testimony showed that Mrs. Wright had been *in extremis* from the night of August 14, 1936, until her death on the morning of August 17, 1936.

While we deem it unnecessary to even discuss the exceptions alleging error in refusing a directed verdict, we will state in passing that the testimony shows that Sarah L. Wright was not in sound health at any time the policy in question could have been issued; and the postdating of the policy shows it was mailed to the agent of respondent with the intent that it be delivered only when the other terms and conditions of the contract were met, and if Sarah L. Wright was then in sound health—not dead.

The exceptions alleging error in refusing appellant's motion for a nonsuit are sustained, and the judgment of the lower Court reversed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE concur.

Mr. Justice Carter did not participate on account of illness.