15037

DUKES v. AMERICAN WORKMEN

(7 S. E. (2d), 710)

May, 1939.

*Mr. C. T. McDonald,* for appellant,

*Messrs. W. Marshall Bridges, William H. Blackwell* and *Brown & Watts,* for respondent,

March 11, 1940.

The opinion of the Court was delivered by Mr. Chief Justice Bonham.

Plaintiff commenced an action against the defendant on January 26, 1938, in which he sought, as a first cause of action, to recover the sum of $300.00 for which amount he alleged the defendant insurance company became indebted to him upon a contract of insurance, evidenced by a receipt for $2.25, and which it refused to pay. For a second cause of action, he sought to recover the sum of $2,000.00 for an alleged unlawful, fraudulent and malicious breach of the alleged contract of insurance.

The defendant demurred to the complaint on the ground that two causes, one on contract and the other in tort, were

improperly joined. The demurrer was sustained by Judge Lide, with leave to plaintiff to amend his complaint. Whereupon, plaintiff served an amended complaint in which he alleges that he purchased of defendant a policy of insurance on the life of his father, Jeffrey D. Dukes, in the sum of $300.00, with plaintiff as beneficiary, for which plaintiff paid defendant, through its agents and servants, $2.25 and received the receipt of the defendant's duly authorized agent, with the agreement that the policy became effective upon the date of the receipt. He then alleges the death of Jeffrey D. Dukes and the denial by defendant of liability.

The defendant, by answer, admits its corporate capacity, denies the other allegations of the complaint, and, for further answer, alleges that plaintiff made application to it for a policy on the life of his father, Jeffrey D. Dukes, in the sum of $300.00; that the application contained the following as an integral inseparable part thereof:

"I do hereby represent and declare to said Society that my health is good, my mind sound, my habits temperate, and that I have no illness requiring a doctor's care or treatment, except as herein stated, and that I have not now and never have had, any habit or occupation, the material effect of which is to shorten life, or to increase the risk of my death, except as admitted in this, my application. I agree that my policy issued to me shall not take effect until the policy shall have been delivered to and received by me during my lifetime and while I am in good health and the first monthly dues thereon shall have been paid by me to said Society during my life and while I am in good health.

"I further agree and declare that all statements, questions and answers in this application are and shall be treated as material to the risk and shall form part of the policy contract issued to me by the Society, and that the whole of such statements and answers is the basis of any part of the consideration for such insurance on my life, which, if granted, is conditional on there having been no misrepresentation of fact by me."

The application also contains material misrepresentations of fact in that the said Jeffrey D. Dukes was suffering at said time from a serious illness affecting his risk; the statements in the application that he had no such illness were false and known to be false. That said policy was never issued or delivered to plaintiff or to Jeffrey D. Dukes during his lifetime, or to plaintiff thereafter. That defendant has offered to return the said premium, which has been refused, and defendant hereby renews the offer to return it.

On the issues thus joined the case came on to be tried by Judge Lide and a jury. At the conclusion of the testimony for plaintiff, defendant moved for a nonsuit, which motion was denied. At the conclusion of all of the testimony, defendant moved for a directed verdict, which was granted. From this order plaintiff appeals.

The plaintiff offered in evidence as the foundation of his complaint the following receipt, and the statement of plaintiff that he was assured by Roxie McCray, the agent of the company, that " * * * when she writ the receipt it was of full force."

"Plaintiff's Exhibit 1

Deputy's Receipt for Dues and Membership Fees
The American Workmen Life Insurance
Home Office—Washington, D. C.
Received of Lonzie Dukes
Received $2.25 On Monthly Dues.
Date received November 20, 1937.
Agent's Signature Roxie McCray
Agent's Address Lamar, S. C."

Defendant objected to the receipt on the ground that "it doesn't show that it is a receipt for insurance. It is for membership fees in a society, that is dues to a lodge. There is nothing on it to show that it is a receipt for insurance."

Plaintiff was allowed to go to the fullest extent in his testimony touching the receipt and what the agent said and

as to whether he ever got the policy, and as to whether the defendant ever offered to return the $2.25 paid to the agent.

Defendant put in testimony to show that no policy was ever issued, because it was shown that Jeffrey D. Dukes was not an insurable risk; that he was an ill man, he died within a month after the receipt was given; he died of a hemorrhage of the lungs; that defendant tendered the return of the amount paid, $2.25.

It is needless to give any further resumé of the evidence. The cardinal questions in the case are these: Is the receipt a binding one which put the insurance in force from its date? If it were admitted that it was proven by testimony dehors the receipt that it was a binding one, was a policy ever issued; and was defendant within its rights in refusing to deliver it?

We think there is no ambiguity in this receipt. It states on its face that it is "A Deputy's Receipt for Dues and Membership Fees". However, the Court permitted the plaintiff to offer oral testimony to prove that it was a binding receipt. The plaintiff availed himself of the opportunity to offer this testimony at great length. We have scanned this testimony carefully and fail to find anything which tends to show that this was a binding receipt, except the statement of plaintiff that the agent told him it would be. On the other hand, the plaintiff knew from the application, which he signed in his father's name, that a policy would not be issued until the applicant had been examined and the application approved by the company. He knew that the company had already issued a policy on the life of his father and that it would not issue two policies on the same risk. Surely plaintiff cannot recover on the ground that this was a binding receipt? He admits that no policy was issued. The defendant shows by its testimony that the applicant was not an insurable risk; that the application contained false statements in regard to his health. It also showed that insurance would not be in force until a policy was issued and delivered in the lifetime of the insured, and then only if he was in

good health. It is beyond question that the applicant was not in good health, and that defendant was well within its rights when it refused to issue the policy on the life of Jeffrey D. Dukes.

The cases of *Cantor v. Reserve Loan Life Insurance Company,* 161 S. C., 198, 159 S. E., 542; *Id.,* 169 S. C., 338, 168 S. E., 848; *Hyder v. Metropolitan Life Insurance Company,* 183 S. C., 98, 190 S. E., 239; *Wright v. Life & Casualty Insurance Company,* 184 S. C., 467, 192 S. E., 670, all sustain this view.

Judge Lide is sustained by the law and the evidence of the case, in his order directing a verdict for the defendant.

The order is affirmed.

MR. JUSTICE FISHBURNE and MESSRS. ACTING ASSOCIATE JUSTICES E. C. DENNIS and WM. H. GRIMBALL concur.