## 16371

### MONTALBANO v. AUTOMOBILE INS. CO. OF HARTFORD, CONN.

(60 S. E. (2d) 77)

*Messrs. C. M. Edmunds* and *John S. Hoar,* of Sumter, *for Appellant,*

*Messrs. McLeod & Shore,* of Sumter, *for Respondent,*

June 14, 1950.

FISHBURNE, Justice.

On June 8, 1948, the respondent, The Automobile Insurance Company of Hartford, Connecticut, issued its policy to the appellant insuring his dog against certain specified risks and perils, with listed exceptions which the policy expressly stated were not covered. The dog died from poisoning at the hand of some person unknown, sometime during the month of March, 1949. Whereupon this action was brought in the magistrate court of Sumter County, and upon trial, the jury returned a verdict in favor of appellant for the sum of $200-.00, which was the full amount of the insurance.

Respondent defended the action on the sole ground that the death of the dog from poisoning as set out in the complaint, was not covered by the specified perils insured against in the insurance contract.

The controlling issue in this case is the meaning and legal effect of the terms and provisions of the insurance contract entered into between the parties. This in turn gives rise to the question of the competency of certain evidence given by appellant and admitted over the objection of the respondent.

On trial of the cause, after introducing the policy in evidence, the appellant testified that he read the policy, but that he and the agent were both in doubt as to whether its provisions included death by poisoning. The negotiating agent, after conference with another agent of the company, returned to the appellant's place of business and, according to appellant's testimony, assured him that the policy would cover death of the dog from this cause. Upon this assurance, he accepted it. The foregoing testimony was objected to by the respondent, but the magistrate ruled that the perils in-

sured against, and the exceptions as provided in the written contract of insurance, were ambiguous. Upon this ground, the parol testimony objected to was admitted as competent.

Respondent offered no testimony.

Upon the conclusion of appellant's testimony, the magistrate overruled respondent's motions for nonsuit, a directed verdict, and for a new trial. Upon exceptions being taken to the circuit court, that court sustained the appeal and ordered the complaint dismissed. The court held that the policy issued by the respondent was clear and unambiguous, hence the testimony of the appellant as to conversations and negotiations between him and the respondent's agent prior to its delivery, which tended to vary the written policy, was incompetent and prejudicial. This appeal thereupon followed.

The policy, subject to certain specified exceptions, insured appellant's dog against various perils, which we do not think it necessary to set out in detail. Typical of the risks insured against are fire and lightning; being hit or run over by an automobile or other vehicle not owned or operated by the insured; being bitten by another dog; and gunshot. Then follow the exceptions, which the policy specifically does not insure against. Typical examples are: loss due to escape or disappearance; and being shot by the insured, members of the insured's family, or by public authorities. Nowhere in the policy is poisoning mentioned, directly or indirectly.

We are in agreement with the circuit court that the policy issued to appellant is free from ambiguity, doubt or uncertainty as to the risks included and excluded. A careful reading of its terms renders the conclusion inevitable that death by poisoning is not included among the risks insured against. So that the parol testimony as to the representations made by the insurer's agent was improperly admitted.

The rule, as announced and applied in repeated decisions of this court, is that where the terms of a written instrument are unambiguous, clear and ex-

plicit, extrinsic evidence of statements of any of the parties to it, made contemporaneously with or prior to its execution, is inadmissible to contradict, add to, subtract from, vary or explain its terms, in the absence of fraud, accident or mistake in its procurement. *Chapman v. Metropolitan Life Ins. Co.*, 172 S. C. 250, 173 S. E. 801; *Colt Co. v. Britt*, 129 S. C. 226, 123 S. E. 845; 29 Am. Jur., Sec. 1500, Page 1123.

The policy issued to the appellant is free from any words of technical meaning, contains no patent or latent ambiguities; nor does the complaint charge fraud, accident or mistake. No reformation of the policy contract, or other remedy is sought. The action is on the policy as written.

Only in those instances in which a written instrument is ambiguous or doubtful in its meaning, may extrinsic evidence be admitted to explain it. *Kentucky Wagon Mfg. Co. v. People's Supply Co.*, 77 S. C. 92, 57 S. E. 676, 122 Am. St. Rep. 540; 29 Am Jur., Sec. 1501, Page 1126.

When an insurance contract is clear and unambiguous, the declarations of the parties as to what they intended by the language used, are inadmissible. Such writing must speak for itself, by its terms alone, without the aid of extrinsic evidence. *Chapman v. Metropolitan Life Ins. Co., supra; Batesburg Cotton Oil Co. v. Southern Ry.*, 103 S. C. 494, 88 S. E. 360; Jones on Evidence, 4th Ed., Vol. 2, Sec. 434.

It follows from what we have said, that the circuit court committed no error in dismissing the complaint.

Judgment affirmed.

BAKER, C. J., STUKES, TAYLOR and OXNER, JJ., concur.