16403

ROLAND v.' COLONIAL LIFE & ACCIDENT INS. CO.

(61 S. E. (2d) 50)

484

*Messrs. W. Hummel Harley and Blackwell, Sullivan & Wilson,* of Laurens, *for Appellant,*

*Messrs. S. Augustus Black,* of Columbia, and *O. Langdon Long,* of Laurens, *for Respondent,*

August 30, 1950.

Oxner, Justice.

J. Earl Roland was killed in a motor vehicle accident on October 14, 1948. The issue raised by the pleadings in this action is whether he was insured under an accident policy with respondent, Colonial Life & Accident Insurance Company.

It is undisputed that on October 11, 1948, three days prior to his death, Roland applied to respondent for an accident insurance policy in the sum of $5,000.00 in which his wife, the appellant, was to be designated as beneficiary, and at the time of signing said application paid to the soliciting agent at Laurens, S. C., the first semi-annual payment of $11.75. Appellant alleged in her complaint that said agent orally agreed that the insurance applied for would become immediately effective upon payment of the first premium. She sought judgment for the amount of said insurance with interest.

Respondent denied entering into a contract of insurance with Roland. It alleged that the insurance applied for was not to become effective unless the application was approved and the policy delivered to the insured while in sound health and free from injury, and that Roland died before it had an opportunity to consider or act on said application. It was further stated in the answer that on October 23, 1948, re-

spondent refunded to appellant the sum of $11.75, representing the amount paid at the time said application was signed.

The case was tried at the May, 1949, term of the Court of Common Pleas for Laurens County. At appropriate stages of the trial, the respondent made motions for nonsuit and directed verdict, both of which were overruled by the trial judge and the case submitted to the jury, resulting in a verdict in favor of appellant for the sum of $5,000.00 with interest. Thereafter respondent made a motion for judgment *non obstante veredicto* which the trial judge granted by an order dated October 22, 1949. The appeal here is from said order directing that judgment be entered in favor of respondent company notwithstanding the verdict of the jury.

The application signed by Roland on October 11, 1948, was for a "Select Risk Accident Policy". He therein agreed "that this insurance shall not be in force until the application is accepted and policy issued by the company nor until policy is delivered to and accepted by the applicant while in sound health and free from injury." He was given a receipt signed by the soliciting agent wherein, after acknowledging payment of the first semi-annual premium of $11.75, it was stated: "This application is taken subject to approval of Colonial Life & Accident Insurance Company at its home office and the right to reject application and return premium is expressly reserved. No obligation is assumed by the company prior to the date of delivery of policy applied for nor unless on said date applicant is alive and in sound health."

The soliciting agent testified that on October 12, 1948, she forwarded the application to the home office of respondent at Columbia, S. C., and enclosed the amount paid by the applicant less her commissions. This application was received at the home office on Wednesday, October 13th. An officer of the company testified that a soliciting agent is not empowered to enter into a contract of insurance; that when an application of this kind is received, an investigation is made for the purpose of determining whether the applicant is de-

sirable as an insurance risk; that no application is ever considered until a report on such investigation is received; and that if the application is approved, the policy is dated when issued and not at the time the application is made. This officer stated with reference to the application involved in the instant case, that on October 16th a report was requested on Roland and on October 21st, the company received a report made on October 19th showing that he was killed on October 14th.

Appellant offered testimony tending to show that the soliciting agent stated to Roland, and on a different occasion to another who had applied for a similar policy, that the insurance became immediately effective upon payment of the first premium. (The agent denied making this statement.) Counsel for respondent vigorously objected to the foregoing testimony offered by appellant upon the ground that it varied and contradicted the terms of the application and receipt. The trial Judge overruled the objection but in the order granting judgment for the insurance company notwithstanding the verdict of the jury, he concluded that he was in error in the admission of this testimony and held it to be incompetent.

The Court below construed the complaint as seeking a recovery "upon an oral contract of insurance". This construction is not questioned on this appeal. If the testimony tending to support the alleged oral contract is incompetent, the action must fail.

The final decision of the trial Judge that such testimony was incompetent and that respondent was entitled to a directed verdict is fully sustained by the decisions of this Court in *Hyder v. Metropolitan Life Insurance Co.*, 183 S. C. 98, 190 S. E. 239, and *Himes v. Metropolitan Life Insurance Co.*, 207 S. C. 420, 36 S. E. (2d) 137, 139. In each of these cases it was sought to prove an oral agreement on the part of the soliciting agent to the effect that if the premium was paid in advance, the insurance would begin from the time of such payment, notwithstanding

the fact that the application and receipt stated that the insurance applied for would not be effective unless the application was apprvoed by the company. It was held that the testimony offered to sustain the oral contract was incompetent and that judgment should be entered in favor of the insurance company. In the *Himes case,* the Court said: "The application and receipt must be considered together and constitute the written agreement between the parties. The terms thereof make the contract dependent upon the approval of the application by appellant. It seems clearly apparent from this application and receipt that a written policy of insurance was contemplated by the parties rather than an oral contract. All prior agreements were merged in the written agreement and the testimony admitted over appellant's objection constituted an attempt to vary or contradict by parol evidence the terms of this agreement and should have been excluded."

The following cases also tend to sustain the foregoing conclusion: *Prince v. State Mutual Life Insurance Co.,* 77 S. C. 187, 57 S. E. 766; *Dukes v. American Workmen,* 193 S. C. 93, 7 S. E. (2d) 710; *Montalbano v. Automobile Insurance Co.,* S. C., 60 S. E. (2d) 77.

It is argued that a verdict for appellant can be sustained on the basis of estoppel. Not only was estoppel not pleaded but there is no exception raising this issue. Moreover, the following language of the Court in *Perry v. N. C. Mutual Life Insurance Co.,* 180 S. C. 72, 185 S. E. 47, 50, is applicable: "After an agreement has been consummated, literal compliance with its terms may sometimes be avoided by parol evidence of waiver, resting on the doctrine of estoppel. But where the question, as here, is not whether the insurer waived compliance with its contract after the contract was consummated, but whether the contract is wholly expressed in the policy, or only partly in the policy and partly in an alleged contemporaneous agreement, no question of waiver is presented. The sole question is: What was the contract? And the answer must be found in the written instrument."

Finally, it is contended that a folder left with Roland by the soliciting agent is sufficient to constitute a valid contract of insurance. This paper contains the name, address and business of each officer and director of respondent, a brief reference to its assets and insurance in force, and a description of the coverage given and premium required under its Select Risk Accident Policy, which is stated to be noncancellable. It is merely a descriptive folder and could not be reasonably regarded by an intelligent person of business experience as an insurance policy. There is no allegation nor proof that it was so represented by the soliciting agent. We need not decide whether a person of limited education and experience might think that this paper constituted an insurance policy, for the action was not brought on this theory. It was tried as a suit on an oral contract of insurance. The question now sought to be raised was not brought to the attention of the Court below and cannot be raised for the first time here.

Judgment affirmed.

BAKER, C. J., and FISHBURNE, STUKES and TAYLOR, JJ., concur.