18141

Thomas P. SPENCER, Jr., Respondent, v. REPUBLIC NATIONAL LIFE INSURANCE COMPANY, Appellant

(133 S. E. (2d) 826)

318

*Messrs. Willcox, Hardee, Houck, Palmer & O'Farrell,* of Florence, *for Appellant,*

*Messrs. McEachin, Townsend & Zeigler,* of Florence, *for Respondent,*

December 16, 1963.

Bussey, Justice.

This appeal is from a directed verdict in favor of the plaintiff-respondent, as named beneficiary, for the recovery of the death benefit under a group insurance policy issued by the appellant on February 1, 1961, to Florence County, insuring its employees. Mrs. Helen Dudley Spencer, wife of the respondent and a longtime employee of Florence County, died on February 2, 1961.

The relevant facts are not in dispute, they being as follows: In January, 1961, and for some years prior thereto, Florence County had in force and effect, with a company other than the appellant, a group insurance policy for all of its employees which provided, among other benefits, life insurance in the amount of fifteen hundred dollars each, which policy expired on January 31, 1961. The company issuing it had notified Florence County of an increase in rates, and as a result, the county invited numerous insurance companies, including the appellant here, to submit proposals to the county with respect to the insurance coverage desired by the county for its employees.

Various companies submitted proposals and, on behalf of the appellant, an agent, Mr. Thornton, submitted such a proposal to the County Manager and the Commissioners of Florence County in a meeting of the commissioners on or about January 1st, 1961. On or before January 24, 1961,

Mr. Thornton was notified by the county that the proposal of the appellant had been accepted and, on the 24th, the county attorney and the said Thornton completed and executed an application form.

The policy was issued by the appellant effective February 1, 1961, but was not actually delivered to Florence County for more than one month thereafter. An individual certificate under the group policy was issued to the said Helen Dudley Spencer and the premium in payment of her insurance under the policy for the month of February was paid in due course by Florence County to the appellant and retained by the appellant. A portion of the premium was paid from county funds and the remainder deducted from the salary of Mrs. Spencer. Mrs. Spencer entered the hospital on or about January 14, 1961, and died on February 2nd, without leaving the hospital.

The entire controversy here arises out of the following provision which appears in the application form of the appellant.

"It is agreed that the insurance of an employee who is not actively at work on full-time on the date it would otherwise become effective shall not become effective until the date he returns to active work on full-time."

The policy, which was not delivered to Florence County until long after its effective date, contains a similar although not identical provision.

From the record it would appear that the foregoing provision is at least a fairly standard provision in group policies of the kind here involved. When Mr. Thornton submitted his proposal on behalf of the appellant, he did not submit, either a policy form or an application form. It is not clear whether Mrs. Spencer was mentioned in the course of the negotiations, but emphasis was placed on the fact that Florence County did not wish to change to a new company unless the new policy would be as fully effective from the date of issue as to all employees as was the old policy, without any waiting period.

The actual proposal submitted by Mr. Thornton is not in the record, but he testified to the effect that it was sent to him, approved and authorized by the appellant. He further testified that it was his understanding and his representation to Florence County that the policy to be issued by appellant would become fully effective on February 1, 1961, and that all employees would be as fully covered on that date as they were under the old policy, at its expiration on January 31st. There is no question but that Mrs. Spencer was fully covered under the old policy and it is clear that but for the representation of Thornton on behalf of the appellant, the coverage would not have been allowed to expire.

When notified of the death of Mrs. Spencer, Mr. Thornton processed the claim for payment in the belief that there was no question as to the coverage of Mrs. Spencer, and it was not until some time thereafter that the appellant denied liability.

Much of the testimony as to negotiations and circumstances leading up to the issuance of the policy was objected to by the appellant on the ground that such testimony tended to vary the terms of the contract. The questions involved in this appeal are stated by the appellant as follows:

"1. Was the written contract of insurance introduced by the plaintiff the only contract of insurance before the Court, and was the Court in error in admitting parol testimony tending to vary the terms of the contract?

"2. Was the Lower Court in error in admitting testimony tending to establish waiver and estoppel where such issues were not pled by the plaintiff?"

With respect to the first question, it is, of course, the rule that the terms of a contract may not be varied by parol testimony. Parol testimony is, however, admissible in aid of construction of a contract which is ambiguous in its terms. Here, the actual policy, while issued, was not delivered until long after the death of the employee. The printed portion of the application form con-

tained the quoted proviso. However, a typed portion of the form evidenced an intention of the parties that the policy to be issued thereupon was to be a replacement of the policy in effect. These facts would seem to raise a question as to a proper construction and possibly call for the admission of parol testimony in aid of construction. We need not, however, decide such issues in this appeal as we think, under the facts of this case, the lower court correctly admitted the testimony as going to the issue of estoppel, rather than for the purpose of varying the terms of the contract as contended by the appellant.

The real questions are whether the lower court allowed evidence as to estoppel, such not having been plead by the respondent, and whether the Court correctly decided that the appellant was estopped from relying upon the quoted provision.

The appellant argues that Mrs. Spencer being "actively at work" was a condition precedent to her being covered under the policy and that it was, therefore, incumbent upon plaintiff to allege and prove either a performance of such condition precedent, or a waiver thereof, citing in support of this contention Section 10-673 of the 1962 Code of Laws, and the following cases: *Hyder v. Metropolitan Life Ins. Co.,* 183 S. C. 98, 190 S. E. 239; *Griffith v. Newell,* 69 S. C. 300, 48 S. E. 259; and *Roland v. Colonial Life & Accident Ins. Co.,* 217 S. C. 483, 61 S. E. (2d) 50.

The simple answer to appellant's contention in this respect is that we are here dealing with a case of estoppel, rather than a case of waiver. As has been pointed out in several decisions of this court, there are distinct differences between waiver and estoppel, although those terms have been somewhat loosely and interchangeably used in insurance cases.

"A waiver is an intentional relinquishment of a known right, while the essential elements of estoppel are the ignorance of the party who invokes the estoppel, representations,

or conduct of the party estopped, which misled, and an innocent and deleterious change of position in reliance upon such representations or conduct." *Ellis v. Metropolitan Casualty Ins. Co.,* 187 S. C. 162, 197 S. E. 510. See also, *Harvey v. Philadelphia Life Ins. Co.,* 131 S. C. 405, 127 S. E. 836.

In the absence of a statute requiring estoppel *in pais* to be pleaded, it is not necessary to do so. *Lee v. Southern Ry. Co.,* 228 S. C. 240, 89 S. E. (2d) 431. No statute has been called to our attention which would require the respondent here to plead estoppel.

The appellant, relying on the language of the court in *Peters v. Great American Ins. Co.,* 4 Cir., 177 F. (2d) 773, argues that the coverage of the policy here cannot be extended so as to cover Mrs. Spencer by the principles of either waiver or estoppel. The answer to this contention is that in *Moore v. Palmetto State Life Ins. Co.,* 222 S. C. 492, 73 S. E. (2d) 688, this court said:

"Some authorities hold that estoppel can never create a right although it may be urged for the protection of a right. We have held that the doctrine of waiver 'cannot be successfully invoked to create a primary liability, or a liability for a benefit not contracted for at all.' *Hodge v. National Fidelity Insurance Co.,* 221 S. C. 33, 68 S. E. (2d) 636, 640. But we have not gone that far with reference to estoppel. In *Ellis v. Metropolitan Casualty Insurance Co. of New York,* 187 S. C. 162, 197 S. E. 510, it was held that where elements of estoppel exist, an insurer may be precluded from asserting that a loss was not within the terms of the policy."

The appellant does not here complain of any failure of the lower court to submit the cause to the jury, but simply contends that under the undisputed facts and the applicable law a verdict should have been directed for appellant, rather than for the respondent. Under the undisputed evidence, the appellant was clearly estopped

from relying upon the "actively at work" clause contained in both the application and the subsequently delivered policy. The proposal submitted by Thornton to Florence County was approved by the appellant and there is no question before us as to the authority of Thornton in the premises. Thornton, in good faith, represented to the county that all employees would be immediately covered from the date of the issuance of the policy, which representation was, in good faith, acted upon by Florence County to the detriment of its employees, Mrs. Spencer in particular, when, in reliance upon the representations, the coverage in existence was allowed to expire, on the assurance that the new coverage would fully and immediately replace it. The lower court correctly so held.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.