18445

Terrell E. BLANTON, by his General Guardian, Allie C. Perry, Appellant, v. NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent.

(146 S. E. (2d) 156)

*Messrs. Odom, Nolen & Foster* and *James J. Raman,* of Spartanburg, *for Appellant,*

*Messrs. Butler, Chapman & Parler,* of Spartanburg, *for Respondent,*

January 6, 1966.

Moss, Justice.

This action was instituted by Terrell E. Blanton, a minor, by his general guardian, the appellant herein, against Nationwide Mutual Insurance Company, the respondent herein, to recover certain medical expenses under the provisions of a policy of insurance issued by said respondent to Allie C. Perry.

The pertinent provisions of the insuring agreement in the aforesaid policy are as follows:

"1. Automobile Medical Payments

"To pay all reasonable expenses, incurred within one year following the accident, for necessary medical, dental, surgical, ambulance, hospital, professional nursing and funeral services and prosthetic devices, to or for:

(a) each person whose bodily injury or death was accidentally sustained while in or upon, entering or alighting from the described automobile, provided it was, at the time, being used by the Policyholder, by a resident of the same household or by any other person with permission of the Policyholder or his spouse residing in the same household:

(b) the Policyholder, and, while residents of the same household, his spouse and the relatives of either, whose bodily injury or death was accidentally sustained:

(ii) while in or upon, entering or alighting from any other land motor vehicle or trailer except one owned for more than 30 days by the Policyholder or by a member of the same household, provided this coverage shall not apply to any loss covered by I(a) above."

It is admitted that the respondent had issued to Allie C. Perry an automobile liability policy with a medical endorsement thereon, which provided a coverage of not exceeding the sum of $500.00. Clauses of this type have been said to constitute, in effect, separate accident insurance coverage and the obligation runs to the injured person, rather than to the person insured against liability, the contract being one of insurance for the benefit of a third person.

It is admitted that Terrell E. Blanton is a son and member of the household of Allie C. Perry and sustained accidental bodily injury on November 9, 1963, while riding a motor scooter which had been owned for four days prior to the accident by Donald Blanton, a son and member of the household of the said Allie C. Perry. The appellant alleges that as a result of his accidental bodily injury he incurred necessary medical expenses in excess of $500.00. He alleges that he is entitled to recover the sum of $500.00 under the terms of the medical endorsement hereinbefore quoted.

The respondent filed an answer containing two defenses. The first defense admitted certain formal allegations of the complaint but denied any liability to the appellant. The second defense admitted that the appellant was injured while

riding a motor scooter owned by his brother, Donald Blanton, who was a member of the same household as the appellant and Allie C. Perry, to whom the policy of insurance was issued by the respondent. It was further alleged that for several years prior to November 9, 1963, a motor scooter had been owned and kept by Donald Blanton while a member of the household of Allie C. Perry and said motor scooter had been recently traded for the one being ridden by the appellant at the time of his accident and injury. It is then alleged that the motor scooter being ridden by the appellant at the time of his accident and injury was a replacement of one owned more than thirty days by Donald Blanton and was excluded from coverage under Section 1(b) (ii) of the insuring agreement above quoted.

The appellant demurred to the second defense interposed by the respondent upon the ground that there was a failure to allege that the motor scooter which the appellant was riding at the time of his accident and injury was owned for more than thirty days, which it is asserted was necessary in order for the exclusion to apply.

The demurrer was heard by the Honorable Bruce Littlejohn, Presiding Judge, and he overruled such and dismissed the action upon the ground that since the motor scooter being ridden by the appellant at the time of his accident and injury was a replacement of one that had been owned for more than thirty days, such was excluded from coverage under the insuring agreement above quoted. This appeal followed.

It is a well settled rule that contracts of insurance, where there is no ambiguity, must be construed according to the terms which the parties have used, to be taken and understood in their plain, ordinary and popular sense. If the intention of the parties is clear, the Courts have no authority to change the contract in any particular or to interpolate into the agreement a condition or stipulation not contemplated either by the law or by the

contract between the parties. *Garrett v. Pilot Life Ins. Co.,* 241 S. C. 299, 128 S. E. (2d) 171; *Rhame v. National Grange Mut. Ins. Co.,* 238 S. C. 539, 121 S. E. (2d) 94.

The appellant makes claim for medical payments for bodily injury accidentally sustained "while * * * upon * * * any other land motor vehicle or trailer except one owned for more than thirty days * * * by a member of the same household. * * *" It is thus apparent that the only requirement for coverage under 1(b) (ii) is that the land motor vehicle which appellant was riding be owned less than thirty days. The motor scooter ridden by the appellant at the time of his accidental injury had been owned by his brother for four days prior thereto. The respondent does not contend otherwise. The sole basis relied on by the respondent is that the motor scooter which appellant was riding at the time of his accidental injury replaced one upon which there would have been no coverage had it been retained because it had been owned for more than thirty days.

The "Automobile Medical Payments" provision contained in 1(b) (ii) had no replacement vehicle clause. We have no authority to interpolate into the agreement of the parties a replacement vehicle clause when such was not contained in the agreement by the parties hereto. If the respondent intended to exclude from coverage under the medical payment clause of its policy a land motor vehicle which replaced one owned for more than thirty days, then apt language evidencing such intention should have been used. In the absence of a replacement clause in the medical payment provision of the policy, such should not be read into it to defeat coverage. Under the admitted facts shown in this record, the appellant is not excluded from coverage for medical expenses, not exceeding $500.00, under Section 1(b) (ii) of the insuring agreement. The Trial Judge was in error in not so holding.

The judgment of the lower Court is reversed and the case is remanded thereto for further proceedings consistent herewith.

Reversed and remanded.

LEWIS, BUSSEY and BRAILSFORD, JJ., concur.

TAYLOR, C. J., did not participate.