265 S.C. 399 (1975)
219 S.E.2d 79
NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant,
v.
AMERICAN MUTUAL FIRE INSURANCE COMPANY, Respondent.
20065
Supreme Court of South Carolina.
July 16, 1975.
Earle McGee Rice, Esq., of Anderson, for Appellant.
*400 R. Evan Palmer, Esq., of Anderson, for Respondent.
July 16, 1975.
BUSSEY, Justice:
The appellant Nationwide brought this declaratory judgment action seeking contribution from the respondent American asserting that American concurrently had in force a liability insurance policy covering a risk insured by Nationwide. Upon trial a motion for a directed verdict by American was denied and the cause submitted to a jury who found in favor of American and Nationwide now appeals.
American issued an automobile liability policy to one Mulkins on October 19, 1970, which policy expired by its terms on October 19, 1971. In September, 1971 American manifested to Mulkins its willingness to renew his coverage by actually mailing to him a renewal policy, but at a higher premium rate. Mulkins was dissatisfied with the higher rate and unsuccessfully sought, through a local agent, a lower rate. He then proceeded to procure a policy from Nationwide, such being issued on November 1, 1971. It is undisputed that Mulkins had no intention of accepting American's renewal policy, but did not so advise American.
The renewal policy having been neither accepted nor returned by Mulkins, on November 8, 1971, the local agent of American mailed him a form letter and notice of cancellation with respect to the renewal policy sent him. Such letter and form showed that his premium for the renewal policy was due on October 19, 1971 and Mulkins was advised that his coverage would be cancelled if his renewal *401 premium was not received by November 18. On November 15 Mulkins was involved in a serious accident in which there was one fatality and other persons were seriously injured. Suits were instituted against him, and after American denied coverage, Nationwide settled the claims and then asserted in this action that it was entitled to pro rata contribution.
Nationwide predicates its alleged right to contribution upon the provisions of Title 46, Chapter 8.1, Article 2, as contained in the 1974 Cumulative Supplement of the 1962 Code, sections 46-750.61 et seq. Chapter 8.1 is entitled Cancellation Of And Refusal To Renew Or Issue Automobile Liability Insurance Policies. Section 46-750.65 provides that no cancellation or refusal to renew shall be effective unless the provisions of that section are complied with. Nationwide does not contend that Mulkins was afforded any coverage under or by virtue of the renewal policy which American mailed to Mulkins and moreover disavows any such, but argues that the cancellation notice and form mailed by American's agent on November 8 had the effect of extending the coverage under the original policy issued to Mulkins until November 18, 1971, it being argued that such was the only coverage ever afforded Mulkins by American and therefore the only coverage which could be extended by such notice and form letter. This argument is made despite the fact that all of the evidence and the statement of the case are to the effect that the notice and letter of November 8 had reference only to the renewal policy and not to the original policy. Nationwide, in arguing that the original policy was still in effect at the time of the accident, seems to lay great stress upon the provisions of code section 46-750.61 (2). Said section defines "renewal" and "to renew" for the purposes of Article 2 and we find nothing therein which lends any support to the contention of Nationwide.
*402 But, in any event we think section 46-750.66 is dispositive of Nationwide's reliance upon any of the provisions of Article 2. Such section provides that "Nothing in this article shall apply: (1) if the insurer has manifested to the insured its willingness to renew by actually issuing or offering to the insured to issue a renewal policy, certificate or other evidence of renewal * * *". It is clear that American manifested to Mulkins its willingness to renew by actually issuing to him a renewal policy and hence nothing else in Article 2 is applicable to this controversy. No contention has been made here or below that American's renewal policy did not comply with the statutory definition because of a change of rate and we accordingly intimate no opinion thereabout.
While Nationwide states and argues several questions, in brief summary we find nothing in the record which as a matter of fact or law supports Nationwide's contention that the original policy issued to Mulkins still effectively provided him coverage approximately a month after said policy had expired by its own terms.
We deem the appeal without merit and the judgment below is accordingly,
Affirmed.
MOSS, C.J., and LEWIS, LITTLEJOHN and NESS, JJ., concur.