23187

STANDARD FIRE INSURANCE COMPANY, and Tiller Construction Company, Inc., Plaintiffs v. MARINE CONTRACTING AND TOWING COMPANY and Jenkins Montgomery, d/b/a Edisto Marine Contracting Company, Defendants; and MARINE CONTRACTING AND TOWING COMPANY and Jenkins Montgomery, d/b/a Edisto Marine Contracting Company, Third-Party Plaintiffs/Respondents v. GREAT AMERICAN INSURANCE COMPANY, Third-Party Defendant/Appellant.

(392 S. E. (2d) 460)

Supreme Court

*Thomas J. Wills, IV,* and *Matthew H. Henrikson,* Charleston, *for third-party defendant/appellant.*

*A. Arthur Rosenblum,* and *John M. Horlbeck,* Charleston, *for third-party plaintiffs/respondents.*

Submitted May 16, 1989.

Decided April 2, 1990.

FINNEY, Justice:

Appellant Great American Insurance Company (Great American) appeals from the circuit court's order which granted partial summary judgment to respondent Jenkins Montgomery, d/b/a Edisto Marine Contracting Company (Montgomery). We reverse.

The original action was instituted by Tiller Construction Company, Inc. (Tiller), and its insurer, Standard Fire Insurance Company (Standard Fire), to recover compensation in excess of $100,000 paid by Standard Fire on behalf of Tiller for damage to underwater cable at the Charleston, South Carolina, Naval Base. Tiller contracted with the Navy to perform dock construction work at the naval base. Tiller subcontracted with Marine Contracting and Towing Company (Marine Contracting), who in turn contracted with Montgomery to transfer wood pilings from a barge to the deck of Montgomery's floating crane. During its operation, the crane overturned causing some of the piles to drop into the water and damage electrical cables owned by the Navy. It is alleged that the damage resulted from Montgomery's negligence.

Subsequently, Standard Fire paid the Navy and instituted a subrogation action against Montgomery and Marine Contracting. Montgomery was insured under a Great American general liability policy at the time of the incident. Great American denied coveraged based on policy provisions which

allegedly exclude property damage arising from the use of watercraft. Great American was made a third-party defendant by Montgomery, who contended the peril was covered.

Motions for summary judgment were made by Great American and Montgomery. The trial court denied Great American's motion and granted Montgomery partial summary judgment, holding that Great American's policy afforded Montgomery coverage for the peril out of which this controversy arises.

Great American appeals, claiming that an exclusion in the general liability provisions of the policy protects them. This exclusion reads:

This insurance does not apply:

. . . . .

(e) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of

(1) Any watercraft owned or operated by or rented or loaned to any insured, or

(2) Any other watercraft operated by any person in the course of his employment by an insured;

but this exclusion does not apply to watercraft while ashore on premises owned by, rented to or controlled by the named insured;

. . . . .

It is undisputed that Montgomery conducted this operation from a watercraft offshore and that he did not own, rent or control the premises on which the damage occurred.

Montgomery contends the policy provided coverage for the peril involved due to the fact that (1) the broad form endorsement amended the policy to provide such coverage; and (2) the scope of risk was extended because a) Montgomery apprised Great American, through its agent, of the type coverage desired and the intended purpose of the insurance; b) Great American issued the general liability policy with endorsements intended to accomplish such purpose; and c) prior to the loss, Great American was aware of the nature and scope of its insured's operation and led Montgomery to

believe that he was fully covered for the subject peril.

Insurance policies are subject to general rules of contract construction. *Gambrell v. Travelers Ins. Companies,* 280 S.C. 69, 310 S.E. (2d) 814 (1983). Terms of an insurance policy must be construed liberally in favor of the insured and strictly against the insurer. *McCracken v. Government Employees Ins. Co.,* 284 S.C. 66, 325 S.E. (2d) 62 (1985); *Kraft v. Hartford Ins. Companies,* 279 S.C. 257, 305 S.E. (2d) 243 (1983). Moreover, if the intention of the parties is clear, courts have no authority to change insurance contracts in any particular or to interpolate a condition or stipulation not contemplated either by the law or by the contract between the parties. *See Torrington Co. v. Aetna Cas. & Sur. Co.,* 264 S.C. 636, 216 S.E. (2d) 547 (1975); *Blanton v. Nationwide Mut. Ins. Co.,* 247 S.C. 148, 146 S.E. (2d) 156 (1966); *Allstate Ins. Co. v. Mangum,* 299 S.C. 226, 383 S.E. (2d) 464 (App. 1989).

Nevertheless, the scope of risk under an insurance policy may be extended by estoppel if the insurer has misled the insured into believing the particular risk is within the coverage. *See Crescent Company of Spartanburg, Inc. v. Insurance Company of North America,* 266 S.C. 598, 225 S.E. (2d) 656 (1976); *Spencer v. Republic National Life Insurance Company,* 243 S.C. 317, 133 S.E. (2d) 826 (1963); *Pitts v. New York Life Insurance Company,* 247 S.C. 545, 148 S.E. (2d) 369 (1966). The essential elements of estoppel are: (1) ignorance of the party invoking it of the truth as to the facts in question; (2) representations or conduct of the party estopped which misled; (3) reliance upon such representation or conduct; and (4) prejudicial change of position as a result of such reliance. *Pitts v. New York Life Insurance Company, supra,* 247 S.C. at 552, 148 S.E. (2d) at 371.

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See* S.C.R.C.P. 56(c) (1989). *LaMotte v. Punch Line of Columbia, Inc.,* 296 S.C. 66, 370 S.E. (2d) 711 (1988). *Crescent Company of Spartanburg, Inc. v. Insurance Company of North America, supra.*

The grant of summary judgment is appropriate only if it is clear that no genuine issue of material fact exists, that inquiry into the facts is not desirable to clarify the application of the law, and that the movant is entitled to judgment as a matter of law.

A party seeking summary judgment has the burden of clearly establishing by the record properly before the Court the absence of a triable issue of fact. *See Tom Jenkins Realty, Inc., v. Hilton*, 278 S.C. 624, 300 S.E. (2d) 594 (1983). All inferences from facts in the record must be viewed in the light most favorable to the party opposing the motion for summary judgment. *Eagle Construction Co. v. Richland Construction Company, Inc.*, 264 S.C. 71, 212 S.E. (2d) 580 (1975). A party who fails to show the absence of a genuine issue of material fact is not entitled to summary judgment even though his adversary does not come forward with opposing materials. *Title Insurance Co. of Minnesota v. Christian*, 267 S.C. 71, 226 S.E. (2d) 240 (1976).

It is our opinion that the record in this case is insufficient to support partial summary judgment for Montgomery. Not only is the record devoid of pleadings and affidavits, but significant dates chronicling this controversy have been omitted. We find that there are questions of fact relating to the insurance policy as well as the extent and timeliness of Great American's knowledge of Montgomery's operation which preclude summary judgment.

The judgment of the trial court is reversed.

Reversed.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.