2164

Barry B. BANNISTER, as receiver for Chris D. Beernaert,  d/b/a Go Construction, and Rachelle Bell, Respondents v. The OHIO CASUALTY INSURANCE COMPANY, and Hover-Craver Insurance Agency, Appellants.

(444 S.E. (2d) 528)

Court of Appeals

*Hutson S. Davis, Jr.* and *Scott A. Seelhoff, Davis & Tupper,* Beaufort, *for appellants.*

*John R.C. Bowen,* of *Laughlin, Bowen & Smoot,* Hilton Head Island, *Donna M. Seegars* and *Robert C. Brown,* both of *Brown & Woods,* Columbia, *for respondents.*

Heard Feb. 10, 1994.

Decided April 4, 1994; Reh. Den. June 29, 1994.

CONNOR, Judge:

This is a declaratory judgment action in which Barry B. Bannister and Rachelle Bell sought to establish coverage under a commercial automobile insurance policy issued by Ohio Casualty Insurance Company. The trial court granted summary judgment to Bannister. Ohio Casualty appeals. We reverse.

On April 26, 1990, Ohio Casualty issued a policy covering a 1990 Dodge pickup truck. The policy expired by its own terms at 12:01 a.m. on October 26, 1990. The policy was amended effective August 28, 1990 to add a 1974 Pontiac Firebird. On October 8, 1990, the company mailed an offer to renew this policy, stating a premium due date of October 26, 1990. The owner, Beernaert, did not pay the premium and, late in the evening on October 26, 1990, had a one-car accident involving the Firebird, injuring himself and a passenger (Bell). This case involves the issue of coverage for the passenger's injuries.

On October 29, 1990, apparently without knowledge of the accident, the insurance company mailed a premium notice to the owner noting it had not received the premium due on October 26. This notice offered to "reinstate without interruption in coverage" provided payment was received by November 10, 1990.

On November 1, 1990, again knowing nothing of the accident, a company agent mailed a "reminder" to the owner. This "reminder" gave a payment due date of November 10, 1990, and stated:

The Insurance Company has informed us that this premium has not been received. We are sending you this reminder with the thought that you may have overlooked the matter.

If you have already mailed the premium, please disregard this reminder. However, if the payment has not been mailed, remittance should be made promptly to keep your insurance in force.

If there is any question concerning this amount or if we may be of assistance please call us.

The agent learned of the accident on November 2, 1990. Thereafter, on November 9, 1990, the agent mailed a second "reminder" to the owner. It was identical to the November 1, 1990, reminder except the due date was not typed in.

The owner never paid the premium and, on November 16, 1990, the insurance company mailed a "termination notice" to the owner with a termination date of October 26, 1990. It stated the policy had "expired for non payment of renewal."

The principal issue on appeal is whether the October 8, 1990, offer to renew was proper and effective under the auto insurance statutes and regulation. The trial judge held it was not, principally because an insurance department regulation required 30 days notice of the offer to renew and because of confusion over whether the company had given 30 days notice.

S.C. Code Ann. § 38-77-110 (1976) requires automobile insurers to write and renew automobile insurance policies for individual private passenger automobiles or small commercial risks. It does not, however, require them to do this for free:

An insurer is not precluded from effecting cancellation of an automobile insurance policy . . . because of the failure of any named insured . . . to pay when due any automobile insurance premium or any installment payment. However, notice of cancellation for nonpayment of premium shall notify the person to whom the notice is addressed that the notice is void and ineffective if payment of . . . the premium . . . is made. . . . This notice of cancellation is not considered ineffective for being conditional, ambiguous, or indefinite.

S.C. Code Ann. § 38-77-110(A) (Supp. 1993).

Section 38-77-120 covers requirements for notices of cancellation or refusals to renew policy:

(a) No cancellation or refusal to renew by an insurer of a policy of automobile insurance is effective unless the insurer delivers or mails, to the named insured at the address shown in the policy, a written notice of the cancellation or refusal to renew. This notice:

(1) Must be approved as to form by the Commissioner prior to use.

(2) Shall state the date not less than fifteen days after the mailing or delivering on which the cancellation or refusal to renew becomes effective.

(3) Shall state the specific reason or reasons of the insurer for cancellation or refusal to renew.

(b) Subsection (a) of this section does not apply:

(1) If the insurer has manifested to the insured its willingness to renew by actually issuing or offering to the insured to issue a renewal policy, certificate, or other evidence of renewal, or has manifested such intention to the insured by any other means.

. . . .

S.C. Code Ann. § 38-77-120 (1985).

On October 8, 1990, Ohio Casualty "manifested" its willingness to renew the policy by sending its "Automobile Insurance Policy Declarations and Continuation Certificate." Because Ohio Casualty complied with subsection 38-77-120(b), the requirements of subsection (a) simply do not apply. Even if subsection (a) did apply, Ohio Casualty complied with it because the October 8 offer of renewal was sent more than fifteen days prior to the original effective date of the termination.

Bannister argues S.C. Code Regs. 69-13 (1989) requires a minimum of thirty days notice. Interpretive regulations are entitled to great respect, but they are not binding. *Faile v. South Carolina Employment Sec. Comm'n*, 267 S.C. 536, 230 S.E. (2d) 219 (1976). When a regulation produces an absurd result, or even an anomaly, this Court will carefully scrutinize both the statute and the interpretive regulation.

Regulation 69-12(V) interprets S.C. Code Ann. § 38-77-120 (1985). Subsection (V) tracks the language of the Code section set out above, but adds an example of "manifestation of willingness to renew":

An example of such a manifestation of willingness to renew would be a situation in which the insurer mails a renewal premium notice to the insured a reasonable period of time (not less than thirty days) in advance of the expiration of his policy, and advises the insured that to keep the policy in force the insured must make timely payment of the required premium. If the insured fails to pay the renewal premium when due, after receiving such notice, the policy will terminate in accordance with its terms, and no further notice to the insured by the insurer of an intention not to renew for nonpayment of premium is required.

Ohio Casualty manifested its willingness to renew in a reasonable manner. The Continuation Certificate was mailed October 8.[1] Beernaert was ultimately given an extended grace period of over thirty days, until November 10, within which to pay the premium due.

Moreover, to require only fifteen days notice for cancellation of a policy, but thirty days notice for expiration of the policy under its own terms after an offer of renewal is anomalous at best. Also, the language on which Bannister relies does not appear within the regulation itself, but appears in a parenthetical within an example.

Bannister further argues the policy expired on November 10, the end of the grace period for payment, rather than October 26. All of the notices and the policy itself confirm October 26 was the only possible date upon which the policy would expire. In *Nationwide Mutual Insurance Company v. American Mutual Fire Insurance Company*, 265 S.C. 399, 219 S.E. (2d) 79 (1975), the supreme court held a letter showing the premium for a renewal policy due on October 19,

[1]The original policy was issued in the name of Island Carpentry, Post Office Box 21426, Hilton Head Island, South Carolina 29925. The name of the insured was changed to Go Construction, and the address of the insured was changed to 23 Otter Hole Trailer Park, Hilton Head Island, South Carolina 29925 as shown by the Policy Change Acknowledgement effective May 25, 1990. All of the notices at issue were sent to the Otter Hole address, the last known address under the terms of the policy. The policy also provides "[p]roof of mailing of any notice shall be sufficient proof of notice." The record contains evidence that at least two of the notices were returned to sender marked "Attempted, Not Known." The Uniform Traffic Accident Report issued at the time of the accident also shows the Otter Hole address, making it inferable that Beernaert was still at that address.

but giving a grace period within which to pay the premium until November 18, did not have the effect of extending coverage under the original policy until November 18. Rather, the policy expired under its own terms on October 19. *Cf. State Auto Property and Casualty Co. v. Brannon*, — S.C. —, 426 S.E. (2d) 810 (Ct. App. 1992) (notice of cancellation stated policy termination would not occur until a date over three weeks later than policy would have originally expired on its own terms).

Bannister also argues Ohio Casualty is estopped to deny coverage because an FR-10 form was executed by one of the company's agents. Bannister has not demonstrated any of the elements of estoppel. *See Standard Fire Ins. Co. v. Marine Contracting and Towing Co.*, 301 S.C. 418, 392 S.E. (2d) 460 (1990) (describing the essential elements of estoppel).

This case represents an attempt by Bannister, with 20/20 hindsight, to revive an expired liability policy in light of serious injuries suffered by Bell. However, Ohio Casualty acted reasonably throughout the transaction and gave the insured every opportunity to continue coverage.

For the foregoing reasons, the order granting summary judgment is hereby

Reversed.

BELL and GOOLSBY, JJ., concur.