UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JAKE LONG; DAWSON RADIATOR
COMPANY INCORPORATED,
            *Plaintiffs-Appellants,*

v.

OHIO CASUALTY INSURANCE COMPANY,
            *Defendant-Appellee.*

No. 01-1402

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Cameron McGowan Currie, District Judge.
(CA-00-1764)

Submitted: September 28, 2001

Decided: November 2, 2001

Before WILKINS and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

John S. Simmons, SIMMONS & GRIFFIN, L.L.C., Columbia, South
Carolina, for Appellants. Yolanda C. Courie, Sean A. Scoopmire,
MCANGUS, GOUDELOCK & COURIE, L.L.P., Columbia, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Jake Long and Dawson Radiator Company, Inc. (hereinafter "Long") appeal the district court orders granting Ohio Casualty Insurance Company's motion for summary judgment and denying Long's motion for summary judgment in this diversity action alleging breach of insurance contract and bad faith refusal to pay an insurance claim, and denying reconsideration of the grant of summary judgment.

This Court reviews de novo a district court's order granting summary judgment and views the facts in the light most favorable to the nonmoving party. *Scheduled Airlines Traffic Offices, Inc. v. Objective, Inc.*, 180 F.3d 583, 590-91 (4th Cir. 1999). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). We have reviewed the record and the parties' briefs and find no reversible error. Because Long's claims involved only a legal interpretation of insurance documents, the district court did not err in entering summary judgment prior to the completion of discovery. *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995). Moreover, Ohio Casualty was not precluded by the doctrine of estoppel from challenging coverage because the "Great News" notice, upon which Long bases his claim, did not, by its terms, apply to underinsured motorist claims. Irrespective of the notice, we have reviewed the record and are satisfied Long's claims do not meet a claim of estoppel under South Carolina law. *Standard Fire Ins. Co. v. Marine Contracting & Towing Co.*, 392 S.E.2d 460, 462 (S.C. 1990). Long did not support his request for discovery under Fed. R. Civ. P. 56(f), therefore the district court was not precluded from granting summary judgment.

Accordingly, we affirm the grant of summary judgment to Ohio Casualty. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*