## 17807

**W. H. RHAME, Respondent, v. NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Appellant**

(121 S. E. (2d) 94)

540

*Messrs. Nelson, Mullins, Grier & Scarborough,* of Columbia, *for Appellant,*

*T. B. Bryant, Jr., Esq.,* of Orangeburg, *for Respondent,*

July 21, 1961.

Moss, Justice.

W. H. Rhame, the respondent herein, brought this action against National Grange Mutual Insurance Company, the appellant herein, to recover benefits under a policy of insurance which provides for the payment of medical expenses.

The appellant herein, on January 1, 1960, issued and delivered to the respondent a "Combination Automobile Policy", insuring three Ford trucks and two Ford automobiles, and it was provided that the appellant would pay on behalf of the insured all sums which he should become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person caused by accident and arising out of the ownership, maintenance or use of the vehicles insured. The bodily injury liability was limited to $10,000.00 to each person, and to $20,000.00 for each accident. There was also included in the insuring agreement a clause providing for the payment of property damage not exceeding the sum of $5,000.00.

The policy in question contained a medical provision with a limit of liability to each person of not more than $500.00.

This medical payment provision is contained in Coverage C and is as follows:

"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

"Division 1. To or for each person who sustains bodily injury, sickness or disease, caused by accident, while in or upon or while entering into or alighting from the automobile provided the automobile is being used by the named insured or his spouse if a resident of the same household, or with the permission of either;"

Under the "Exclusions" it is provided that "This policy does not apply":  *  *  *

"(g) under division 1 of coverage C, to bodily injury to or sickness, disease or death of any employee of the named insured or spouse arising out of and in the course of (1) domestic employment by the named insured or spouse, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the named insured or spouse;"

It is admitted that on March 30, 1960, one of the respondent's insured trucks was involved in an accident and two of his employees, one being the truck driver, and the other a helper, received injuries in said accident and incurred medical expenses to the extent of $693.25, which said sum was paid by the respondent. It is also admitted that the two employees of the respondent who were injured were farm laborers, and that their injuries arose out of and in the course of their employment.

The appellant denied liability and asserted that since respondent's employees were farm laborers and received injuries arising out of their employment, coverage was expressly excluded under provision (g) above quoted.

This case was tried before the Honorable Carroll E. Summers, presiding Judge of the Orangeburg County Court, and a jury, at the 1961 February term thereof, and resulted in a verdict for the respondent in the sum of $693.25, the amount demanded in the complaint.

The appellant made a timely motion for a directed verdict on the ground that the employees of the respondent, who were farm laborers, and whose injuries arose out of an accident in the course of their employment, were expressly excluded from coverage as to medical payments, under the terms and provisions of the insurance policy in question. The trial Judge overruled such motion, holding that the provision of the exclusion clause was ambiguous and that it was for the jury to construe this provision and determine whether the policy afforded coverage to the two injured employees of the respondent. After the rendition of the verdict in favor of the respondent, the appellant moved for judgment *non obstante veredicto* on the same ground as was included in its motion for a directed verdict. This motion was refused. This appeal is from the refusal of the trial Judge to grant the motion of the appellant for a directed verdict and for judgment *non obstante veredicto*.

It appears from the record that the policy in question was sold to the respondent by Cameron E. Sauls, a licensed agent for the appellant. Sauls was unable to attend the trial of this case but furnished an affidavit wherein he stated that he advised the respondent to buy the medical coverage and that he was under the impression that all drivers of the trucks were covered thereby. He further stated that he sold the insurance to the respondent with that understanding. It was agreed by counsel for the parties that if Sauls were present he would so testify, but his testimony was objected to by the appellant on the ground that to admit such would violate the parol evidence rule, thereby varying the terms of a written instrument. Further objection was made on the ground that this agent had no authority to bind the company by giving an interpretation of the terms of the written policy.

This objection was overruled and the statement of this witness allowed as evidence.

We have held in numerous cases that where the language of a contract is free from ambiguity, its construction is for the Court. *Charleston & W. C. Ry. Co. v. Joyce,* 231 S. C. 493, 99 S. E. (2d) 187.

In the case of *Quinn v. State Farm Mutual Automobile Ins. Co.,* S. C., 120 S. E. (2d) 15, 16, we said:

"It is a well settled rule that the terms of an insurance policy must be construed most liberally in favor of the insured and where the words of a policy are ambiguous, or where they are capable of two reasonable interpretations, that construction will be adopted which is most favorable to the insured. *Pitts v. Glen Falls Indemnity Company,* 222 S. C. 133, 72 S. E. (2d) 174. However, in cases where there is no ambiguity, contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood in their plain, ordinary and popular sense. If the intention of the parties is clear, the Courts have no authority to change the contract in any particular. The Court has no power to interpolate into the agreement between the insurer and the insured a condition or stipulation not contemplated either by the law or by the contract between the parties. *Chastain v. United Ins. Co.,* 230 S. C. 465, 96 S. E. (2d) 464."

Insurers have the right to limit their liabilities and to impose whatever conditions they please on their obligations, provided they are not in contravention of some statutory inhibition or public policy. Accordingly, an insurer need not protect against all liabilities and a clause exempting certain liabilities from coverage is valid. *Hill v. Standard Mutual Casualty Co.,* 7 Cir., 110 F. (2d) 1001. Where the obligation stated in the policy is in general terms, it has been held that the insurer may insert as many clauses exempting particular risks from coverage as it sees fit, notwithstanding its obligation is materially limited by such ex-

clusions. *Sun Indemnity Co. v. Dulaney,* 264 Ky. 112, 89 S. W. (2d) 307. An insurer has the right to restrict liabilities to injuries inflicted while the automobile was being used for specified purposes and was being driven by certain persons. *Perrodin v. Thibodeaux,* La. App., 191 So. 148.

The appellant, for a premium of $9.36, issued a policy to the respondent containing a medical payment clause and, thereby agreed, subject to certain specified exclusions, to pay all reasonable medical expenses, as is outlined in said policy, to or for each person who sustains bodily injury, sickness, or disease caused by accident while such person is in or upon, or while entering into or alighting from, the insured motor vehicle, provided such is being used by the named insured or his spouse, or with the permission of either of them. There is excluded from coverage, under section (g) (1) of said clause, domestic employees, if benefits for such injury, sickness, death or disease is payable under any workmen's compensation law; there is also excluded from coverage, under section (g) (2) of said clause, other employment by the named insured or his spouse. In our opinion, the provisions of the insurance policy heretofore quoted, are free from ambiguity, doubt or uncertainty as to the risks included and excluded. A careful reading and study of the exclusion provision as is contained in section (g) of the policy in question convinces us that the truck driver and his assistant, both of whom were employees, as farm laborers, of the respondent, are excluded from medical coverage under portion (2) of section (g) above quoted. The trial Judge should have so held and granted the motion of the appellant for a directed verdict. His failure to do so was error.

The trial Judge also committed error in allowing the testimony of Cameron E. Sauls that all drivers of the insured trucks of the respondent were covered by the medical payment clause of the policy. This testimony varied the terms of the policy. In the case of *Montalbano v.*

*Auto. Ins. of Hartford, Conn.,* 217 S. C. 157, 60 S. E. (2d) 77, 78, this Court said:

"The rule, as announced and applied in repeated decisions of this court, is that where the terms of a written instrument are unambiguous, clear and explicit, extrinsic evidence of statements of any of the parties to it, made contemporaneously with or prior to its execution, is inadmissible to contradict, add to, subtract from, vary or explain its terms, in the absence of fraud, accident or mistake in its procurement. *Chapman v. Metropolitan Life Ins. Co.,* 172 S. C. 250, 173 S. E. 801; *Colt Co. v. Britt,* 129 S. C. 226, 123 S. E. 845; 29 Am. Jur., Sec. 1500, Page 1123.

"The policy issued to the appellant is free from any words of technical meaning, contains no patent or latent ambiguities; nor does the complaint charge fraud, accident or mistake. No reformation of the policy contract, or other remedy is sought. The action is on the policy as written.

"Only in those instances in which a written instrument is ambiguous or doubtful in its meaning, may extrinsic evidence be admitted to explain it. *Kentucky Wagon Mfg. Co. v. People's Supply Co.,* 77 S. C. 92, 57 S. E. 676, 122 Am. St. Rep. 540; 29 Am. Jur., Sec. 1501, Page 1126.

"When an insurance contract is clear and unambiguous, the declarations of the parties as to what they intended by the language used, are inadmissible. Such writing must speak for itself, by its terms alone, without the aid of extrinsic evidence. *Chapman v. Metropolitan Life Ins. Co., supra; Batesburg Cotton Oil Co. v. Southern Ry.,* 103 S. C. 494, 88 S. E. 360; Jones on Evidence, 4th Ed., Vol. 2, Sec. 434."

We conclude that the judgment of the lower Court should be reversed and this case remanded for the purpose of entering judgment in favor of the appellant.

Reversed.

TAYLOR, C. J., OXNER and LEWIS, JJ., and J. B. NESS, Acting Associate Justice, concur.