**Robert GRAYSON, Plaintiff,**

v.

**AETNA INSURANCE COMPANY, Defendant.**

**Civ. A. No. 68–289.**

United States District Court
D. South Carolina,
Aiken Division.

Nov. 1, 1968.

---

Sol Blatt, Jr., Blatt, Fales & Peeples, Barnwell, S. C., for plaintiff.

R. Bruce Shaw, Columbia, S. C., for defendant.

## ORDER

SIMONS, District Judge.

This matter is before the court on motions by plaintiff and defendant for summary judgment on the ground that there is no genuine issue as to any material fact, and that each is entitled to a judgment as a matter of law.

The issue involved is the interpretation of a farm owner's liability policy issued to one Grover Hudson by defendant. Plaintiff Robert Grayson was injured while employed in the course and scope of his employment on the farm of the said Grover Hudson and brought suit in the state court against Grover Hudson, his employer, which resulted in a judgment in his favor in the amount of $25,-000. Plaintiff contends that the state court judgment is within the coverage of the subject liability policy issued by defendant to his employer and seeks to recover from the defendant in the sum of $25,000. Defendant contends that coverage to plaintiff was excluded by the exclusion in its policy which provides as follows:

"(d) under Coverage G, to bodily injury to any farm employee, arising out of and in the course of his employment by the Insured, and under Coverages G and H, to any person, including any residence employee or insured farm employee, (1) if the Insured has in ef-

fect on the date of the occurrence a policy providing workmen's compensation or occupational disease benefits therefor, or (2) if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation or occupational disease law; but this subdivision (2) does not apply with respect to Coverage G unless such benefits are payable or required to be provided by the Insured;"

Plaintiff and defendant have stipulated that at the time of plaintiff's injury Grover Hudson, the employer, did not have in effect any insurance coverage providing workmen's compensation or occupational disease benefits nor were such benefits in whole or in part either payable or required to be provided under any workmen's compensation or occupational disease law.

Defendant relying on the first classification in the exclusion contends that plaintiff, being a farm employee when injured was not covered by injuries admittedly arising out of and in the course of his employment by Hudson. Plaintiff contends that such exclusion would only apply if Hudson, plaintiff's employer, on the date of plaintiff's injuries, had in effect a policy of workmen's compensation or occupational disease benefit, or if the benefits from such policy or policies were in whole or in part payable or required to be provided for.

It is of course well settled "that the terms of an insurance policy must be construed most liberally in favor of the insured and where the words of a policy are ambiguous, or they are capable of two reasonable interpretations, that construction will be adopted which is most favorable to the insured." Rhame v. National Grange Mutual Insurance Co., 238 S.C. 539, 121 S.E.2d 94, 96 (1961). It is likewise well settled that "insurers have the right to limit their liability and to impose whatever conditions they please on their obligations, provided they are not in contravention of some statutory inhibition or public policy. Accordingly, an insurer need not protect against all liabilities and a clause exempting certain liabilities from coverage is valid." Rhame, supra, at pp. 96–97.

As stated in Rhame the court has no power to interpolate into the agreement between the insurer and insured a condition or stipulation not contemplated either by the law or by the contract between the parties. Plaintiff's main assertion is that in interpreting contracts involving restrictive words, phrases and clauses it is a rule that no comma should be placed between restrictive clauses and those which they restrict, and that a restrictive clause should be set off by a comma only when it refers and is applicable to several antecedent clauses which are themselves separated by a comma. Here the two restrictive clauses as to workmen's compensation or occupational disease benefits are set off by commas, and under the above grammatical rule would apply to both the first and second classes of people.

Defendant contends that in construing the particular clause presented in its policy, it is clear that if the first clause of the exclusion, which excludes coverage to bodily injury to a farm employee arising out of and in the course of his employment by the insured, were not referred to, and the exclusion simply started off with the second clause commencing with the words "under Coverages G and H," the clause could only be construed as plaintiff contends, that an employee would be excluded only if he were covered by workmen's compensation; that under such construction the first clause would be without effect and simply surplus language, which brings into play the well established rule that parties to an insurance contract intend each clause to accomplish some specific purpose; and, therefore, it is not proper to assume that such clause is without meaning.

Defendant asserts in its brief in support of this contention that:

"If the first clause of the exclusion is to be given any meaning at all, it must be that injuries to farm employees arising out of and in the course of their employment by the insured are excluded generally. Construed any other way, the first clause would have no meaning at all in the policy. Omitting the first clause, and starting with the second clause, it is clear that the words 'any person' would include a farm employee, and that therefore the policy would only exclude farm employees if they were covered by workmen's compensation, which is the construction contended for by the plaintiff. This is not the case, and the policy should be read so as to give the first clause of the exclusion some effect, and that effect, clearly, would be to exclude farm employees at all times regardless of whether or not they had workmen's compensation coverage."

This court without more is unable to determine what was the intention of the parties in reference to the above quoted exclusionary clause in issue. In construing a contract of insurance the court must determine the meaning of the language in the contract by reviewing the entire contract, which in the present case is not before the court.

After having studied the contentions of the parties and having reviewed the authorities cited by them, the court concludes that the language and punctuation of the exclusionary clause gives rise to conflicting reasonable inferences that may be drawn as to the meaning thereof. Therefore, summary judgment is not the answer. The court will be in a much better position to determine the question at issue after a trial of the case on the merits rather than at this stage.

Accordingly, both plaintiff's and defendant's motions for summary judgment are denied.

And it is so ordered.