**Robert GRAYSON, Plaintiff,**

v.

**AETNA INSURANCE COMPANY, Defendant.**

**Civ. A. No. 68–289.**

United States District Court,
D. South Carolina,
Aiken Division.

Jan. 23, 1970.

Sol Blatt, Jr., Blatt & Fales, Barnwell, S. C., for plaintiff.

Nelson, Mullins, Grier & Scarborough, Columbia, S. C., for defendant.

## ORDER

SIMONS, District Judge.

This action, which is a suit seeking the interpretation of a farm owner's liability insurance policy issued by defendant to one Grover Hutson, a farm owner and plaintiff's employer, was first before the court upon motions for summary judgment on behalf of plaintiff and defendant on the ground that there was no genuine issue as to any material fact.

The sole question before the court was the proper legal interpretation to be given the following exclusionary clause contained in said policy which provided as follows:

"'(d) under Coverage G, to bodily injury to any farm employee, arising out of and in the course of his employment by the Insured, and under Coverages G and H, to any person, including any residence employee or insured farm employee, (1) if the Insured has in effect on the date of the occurrence a policy providing workmen's compensation or occupational disease benefits therefor, or (2) if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation or occupational disease law; but this subdivision (2) does not apply with respect to Coverage G unless such benefits are payable or required to be provided by the Insured * * '"

The admitted facts were that defendant's policy issued to one Grover Hutson was in full force and effect on the date when plaintiff, Robert Grayson, was injured while employed in the scope and course of his employment on Mr. Hutson's farm; that plaintiff brought suit in the state court against his employer resulting in a judgment in his favor in the amount of $25,000, which Defendant Aetna Insurance Company failed and refused to pay upon the ground that plaintiff's injury was excluded from the coverage of its policy issued to Mr. Hutson under the above exclusionary provision.

By its order dated November 1, 1968, this court denied both parties' motions for summary judgment upon the following basis:

"After having studied the contentions of the parties and having reviewed the authorities cited by them, the court concludes that the language and punctuation of the exclusionary clause gives rise to conflicting reasonable inferences that may be drawn as to the meaning thereof. Therefore, summary judgment is not the answer. The court will be in a much better position to determine the question at issue after a trial of the case on the merits rather than at this stage.

"Accordingly, both plaintiff's and defendant's motions for summary judgment are denied." Grayson v. Aetna Insurance Company, D.C., 291 F.Supp. 720 (1968).

Subsequent to the foregoing order, the case was placed on the trial calendar in the Aiken Division, and was set down for trial at the next non-jury term. The matter was then scheduled for pretrial conference preliminary to a trial on the merits. At such conference counsel for both parties stated that in their judgment a full evidentiary hearing was not necessary; that the sole issue to be determined was the proper legal construction of the foregoing exclusionary clause; that there was no genuine issue of fact to be decided; and that both parties therefore should be permitted to renew their motions for summary judgment. Plaintiff's counsel requested permission, which was granted, to submit affidavits in support of plaintiff's renewed motion for summary judgment. Defense counsel was also given the same permission but advised that, in view of defendant's position that such exclusionary clause was clear and unambiguous, he did not deem it proper for the court in determining the issue to consider any affida-

vits or other evidence outside of the policy provisions. Accordingly defendant rested its case on the premise that the only logical and reasonable interpretation of the exclusionary clause was that plaintiff's injury which admittedly occurred while engaged as a farm employee for defendant's insured, Mr. Hutson, in the course and scope of his employment was clearly excluded from coverage under the policy.

Thereafter, in due course plaintiff, through his counsel, renewed his motion for summary judgment by formal written motion which was supported by affidavits of Dr. John Guilds, Head of the English Department of the University of South Carolina in Columbia and of plaintiff's employer, Grover Hutson, together with a "Stipulation of Facts" signed and consented to by counsel for plaintiff and defendant, copy of which is hereto appended and by reference made a part hereof.

Thus, the sole issue presently before the court is identical to that which the court dealt with in its former opinion in Grayson v. Aetna Insurance Company, *supra*, to wit: Whether plaintiff's personal injury which occurred while engaged as a farm employee of defendant's insured, Grover Hutson, in the course and scope of his employment was covered by defendant's policy; or whether such injury was excluded from coverage by virtue of the above quoted exclusionary clause.

Plaintiff's contentions are twofold. His first position is that he is entitled to summary judgment in his favor under recent controlling South Carolina Supreme Court decisions, since this court's original order concluded that the language and punctuation of the exclusionary clause give rise to conflicting, reasonable inferences as to the meaning thereof, one such reasonable inference being that plaintiff's injuries were not excluded from coverage of the policy by such clause; and that under the authority of Hann v. Carolina Casualty Ins. Co., S.C., 167 S.E.2d 420 (1969), this court must adopt that construction

which will permit recovery by the plaintiff in the instant case. Secondly he asserts that the affidavits of Dr. John Guilds and Grover Hutson set forth the proper rules of grammar and punctuation interpretation applicable to those contained in the exclusionary clause, and show the circumstances under which the policy was purchased by plaintiff's employer from defendant's agent, which clearly require the conclusion that there is a patent ambiguity in defendant's exclusionary clause. He thus contends that such ambiguity must be resolved against the insurer and in favor of plaintiff's coverage by the policy. Plaintiff further asserts that a consideration of these affidavits does not violate the Parol Evidence Rule since the exclusionary clause has been found to contain a patent ambiguity.

Defendant also renewed its motion for summary judgment by its counsel's letter to the court in which its position in support of its original summary judgment motion was reiterated and affirmed, namely, that the exclusionary provision when considered as a whole is unambiguous and clearly requires the conclusion that plaintiff's personal injuries were thereby excluded from coverage under the policy. Defendant also advised that it did not intend to submit any affidavits setting forth any parole or extrinsic evidence, and it further objected to the court's consideration of the affidavits submitted by plaintiff as violating the Parol Evidence Rule.

Defendant further contends that a contract must be construed as a whole to carry out the intention of the parties; that every word and clause of the contract, if possible, must be given some effect and the court must assume that the parties intended such word or clause to accomplish some specific purpose, and that it is not proper to assume that such word or clause is without meaning; further that where the terms and conditions of an insurance policy are clear and unambiguous there is no room for construction, and the court must apply such terms according to their literal

meaning, citing Gunnells v. American Liberty Insurance Company, 251 S.C. 242, 161 S.E.2d 822 (1968). Defendant further alleges that for the court to apply the construction to the exclusionary clause as contended for by plaintiff would do violence to the above rule, and would make meaningless the first phrase of the exclusionary clause. It further asserts that punctuation may be resorted to as an aid in construction of a contract only when it tends to throw light on the true meaning thereof, and that punctuation will not control or change a meaning which is plain from a consideration of the whole document, citing Walker v. Commercial Casualty Ins. Co., 191 S.C. 187, 4 S.E.2d 248 (1939).

The proper legal principles under South Carolina law governing the construction of insurance contracts in this state by which this court is bound under the *Erie* doctrine [1] are quite clear and well settled. The court recognizes that the terms of an insurance policy must be construed most liberally in favor of the insured, and if the language, words and punctuation of the policy when considered as a whole give rise to a patent ambiguity, or are capable of two or more reasonable interpretations, at least one of which favors coverage, that construction which is most favorable to the insured must be adopted. Further, in construing an insurance policy the court must determine the intent of the parties and the meaning of the document by reviewing the entire contract. Also, under South Carolina law in cases involving patent ambiguities in insurance contracts, the construction of the policy is a proper matter for determination by the court as a matter of law, and no jury issue is involved. Also, under Section 37–233 of the 1962 S.C. Code of Laws,[2] any person who solicits an insurance policy and delivers an application to insurer and in turn the policy to the insured "shall be held to be acting as the agent of such insurance company for which such act is done or risk is taken."

It is equally well settled that insurers have the right to limit their liability and to impose whatever conditions they desire on their obligations, provided such are not in contravention of some statutory prohibition or public policy. An insurer need not protect against all liabilities, thus a clause exempting certain liabilites from coverage of the policy is valid and binding. The court has no authority to interpolate into the agreement between the insurer and the insured a condition or stipulation not contemplated either by the law or by the coutract between the parties. It is also a well established rule in the construction of insurance contracts that the parties intend each clause to accomplish some specific purpose, and it is not proper to assume that any clause is without some meaning.

Again, after a thorough reconsideration of the record herein, the stip-

1. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

2. Sec. 37–233, 1962 S.C.Code of Laws, reads as follows:
"Any person who (a) solicits insurance in behalf of any insurance company, (b) takes or transmits other than for himself any application for insurance or any policy of insurance to or from such company, (c) advertises or otherwise gives notice that he will receive or transmit any such application or policy, (d) shall receive or deliver a policy of insurance of any such company, (e) shall examine or inspect any risk, (f) shall receive, collect or transmit any premium of insurance, (g) shall make or forward any diagram of any building or buildings, (h) shall do or perform any other act or thing in the making or the consummating of any contract of insurance for or with any such company, other than for himself or (i) shall examine into and adjust or aid in adjusting any loss for or in behalf of any such insurance company, whether any such acts shall be done by an employee of such insurance company or at the instance or request of such insurance company, shall be held to be acting as the agent of such insurance company for which such act is done or risk is taken."

ulated factual situation, the contentions of the parties, and the relevant principles of law, this court is still in agreement with its original conclusion that the language, phrases, and punctuation of the exclusionary clause in dispute give rise to a patent ambiguity, in that there is more than one reasonable inference as to the true meaning thereof, one supporting plaintiff's contention of coverage and another inference supporting defendant's contention of no coverage. In view of such conclusion, upon a consideration of the policy provisions as a whole without any weight being given to the affidavits submitted in support of plaintiff's motions, it is concluded that plaintiff should prevail. The following quotation from *Hann, supra,* is quite relevant to the factual situation herein:

> "For the foregoing reasons, we conclude that the policy here was clearly and reasonably susceptible of the construction that it was the intention of the parties to afford and that the policy did afford theft coverage with respect to the trailer. It is settled beyond cavil in this jurisdiction that the terms of an insurance policy should be construed most liberally in favor of the insured, and that in case of conflict or ambiguity, a construction will not be adopted that defeats recovery if the policy is reasonably susceptible of a meaning that will permit recovery. We uniformly give the insured the benefit of any doubt in the construction of the terms used in an insurance policy."

The affidavits of Dr. Guilds and Mr. Hutson afford an additional sustaining ground for granting summary judgment in favor of plaintiff.

It is well settled that parole evidence is admissible to show the true meaning of an ambiguous contract. Profitt v. Sitton, 244 S.Ct. 206, 136 S.E. 2d 257, 259 (1964). Furthermore, oral testimony is admissible to assist in the determination of a just interpretation of a contract; and in construing a contract the court should ascertain the intention of the parties in order that it might determine the situation as well as the purposes that the parties had in mind at the time the contract was made. United States for Use and Benefit of Sligh v. Fullerton Construction Co., 296 F.Supp. 518, 523 (D.C.S.C.), aff'd 407 F.2d 1339; Bruce v. Blalock, 241 S.C. 155, 127 S.E.2d 439, 442 (1962).

Accordingly, it is held that the plaintiff's affidavits are admissible in support of his motion for summary judgment. The affidavit of Dr. John Guilds, Head of the Department of English at the University of South Carolina and a recognized expert in his field, supports the court's conclusion that the policy is in fact ambiguous.[3]

In addition, the affidavit of Mr. Hutson, plaintiff's employer and the original tort defendant in the state court suit, asserts that he purchased subject policy to protect himself from liability under the very circumstance which gave rise to plaintiff's injuries.

---

3. In his affidavit Dr. Guilds states: "Well established uses in formal written English makes it clear that the writer of the exclusionary paragraph (d) intended the two conditional clauses (1) and (2) to apply equally to both of the clauses that precede them; that is, conditional clause (1) and conditional clause (2) apply equally to the words 'under Coverage G, to bodily injury to any farm employee, arising out of and in the course of his employment by the Insured,' as well as to the words 'and under Coverages G and H, to any person, including any residence employee or insured farm employee.' Furthermore, it is my opinion that had the intent of the wording been to limit application of conditional clauses (1) and (2) to the second clause beginning 'and under Coverages G and H,' that the first clause in the exclusionary clause would have been separated from the second clause by the use of a semi-colon after the words 'employment by the Insured,' for it is clear that the person drafting the Clause (d) recognized that the semi-colon would accomplish such a division because the same is thereafter used following the words 'occupational disease law.'"

He swore that, following an earlier eye injury to one of his farm employees, he was greatly concerned about his personal liability for future similar accidents, since he carried no workman's compensation or other liability insurance covering his farming operations; that he soon thereafter obtained subject policy from the Brown Insurance Agency in Blackville, South Carolina after advising it that he wanted liability coverage to protect him against any future accidents and injuries to his farm employees. He further stated that the Brown Agency represented that the policy in question fully covered him for such occurrences; and that when he reported plaintiff Grayson's injury to the Brown Agency, he was assured that he had coverage. It was not until some time afterwards that the defendant's adjuster told him there was a question about his coverage.

The foregoing assertions of Mr. Hutson, which are uncontroverted in the record, establish that the Brown Insurance Agency which was acting under Section 37–233 of the 1962 South Carolina Code of Laws, *supra,* as agent for defendant, delivered the policy to Mr. Hutson representing that it provided him with liability coverage over his farm employees such as plaintiff. He accepted the policy relying on such representation, paid the premium therefor, and the same was in full force and effect at the time of plaintiff's injury.[4]

In accordance with the foregoing summary judgment is hereby granted in favor of plaintiff in the sum of Twenty-five Thousand ($25,000.00) Dollars, together with interest from March 19, 1968 at the rate of six percent per annum, together with the costs of this action.

And it is so ordered.

## APPENDIX

In the District Court of the United States
for the District of South Carolina
Aiken Division

Civil Action No. 68–289

Robert Grayson,
        Plaintiff,

-vs-

Aetna Insurance Company,
        Defendant.

STIPULATIONS OF FACTS

---

4. Under such a factual situation it would appear that under the authority of Ellis v. Metropolitan Life & Cas. Ins. Co. of New York, 187 S.C. 162, 197 S.E. 510 (1938), and Preferred Risk Mutual Ins. Co. v. Thomas, 372 F.2d 227 (4 Cir. 1967), defendant's insured, Mr. Hutson, might very well take the position that the defendant was estopped to deny liability under its policy.

The court is also mindful that under the authority of Guy v. National Old Line Insurance Co., S.C., 164 S.E.2d 905 (1968), defendant's insured, Mr. Hutson, might very well have a cause of action for fraud and deceit against the defendant if, in addition to the factual allegations of his affidavit, he were able to prove that defendant's agent, at the time it represented to him that defendant's policy covered Hutson's farm employees, knew that such representation was false and was made for the purpose of inducing Hutson to act and rely upon the same.

It is hereby stipulated and agreed by and between the undersigned attorneys for the respective parties hereto as follows:

1. That on the 10th day of April, 1967, one Grover Hutson was the named insured in a Farmowners liability policy issued by the defendant, said policy being No. FO–20–37–62, and on said date this policy was in full force and effect, with a limit for personal injury liability in the amount of Twenty-Five Thousand and 00/100 Dollars ($25,000.00).

2. That on the 10th day of April, 1967, the plaintiff was working as a farm employee within the meaning of the term as used in the aforesaid policy for the aforesaid Grover Hutson, and on that date the plaintiff sustained bodily injuries arising out of and in the course of his said employment.

3. That as a result of the aforesaid personal bodily injuries suffered by the plaintiff suit was brought by the plaintiff against the aforesaid Grover Hutson and judgment against said Hutson obtained in the Court of Common Pleas of Barnwell County on March 19, 1968, in the amount of Twenty-Five Thousand and 00/100 Dollars ($25,000.00).

4. That in the event this Court determines that the injuries sustained by the plaintiff come within the terms of defendant's aforesaid liability policy, the plaintiff is entitled to judgment against the defendant in this action in the amount of Twenty-Five Thousand and 00/100 Dollars ($25,000.00), plus interest from March 19, 1968, and plus the costs of this action.

5. That Section "G" of defendant's policy covered liability for personal injuries and that defendant's policy contained the following exclusion, among others:

"(d) under Coverage G, to bodily injury to any farm employee, arising out of and in the course of his employment by the Insured, and under Coverages G and H, to any person, including any residence employee or insured farm employee, (1) if the Insured has in effect on the date of the occurrence a policy providing workmen's compensation or occupational disease benefits therefor, or (2) if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation or occupational disease law; but this subdivision (2) does not apply with respect to Coverage G unless such benefits are payable or required to be provided by the Insured;"

6. That at the time of plaintiff's injury, the aforesaid Grover Hutson did not have in effect a policy providing workmen's compensation or occupational disease benefits nor were such benefits in whole or in part either payable or required to be provided under any workmen's compensation or occupational disease law.

7. That defendant contends that plaintiff, being a farm employee when injured, was not covered for injuries admittedly arising out of and in the course of his employment by the aforesaid Hutson, while plaintiff contends that such exclusion would only apply if Hutson, plaintiff's employer, on the date of plaintiff's injuries, had in effect a policy for workmen's compensation or occupational disease benefits or if the benefits from such policy or policies were in whole or in part payable or required to be provided for the plaintiff.

BLATT, FALES & PEEPLES

By: (s) Sol Blatt, Jr.
_____
Attorneys for Plaintiff

NELSON, MULLINS, GRIER & SCARBOROUGH

By: (s) R. Bruce Shaw
_____
Attorneys for Defendant