Billy Joe HARNDEN et al.,
Plaintiffs-Appellants,

v.

The CONTINENTAL INSURANCE
COMPANY et al.,
Defendants-Respondents.

No. 11883.

Missouri Court of Appeals,
Southern District.

Jan. 21, 1981.

Motion for Rehearing or to Transfer
Denied Feb. 13, 1981.

Application to Transfer Denied
March 9, 1981.

---

1. We note that the wife claims *Faulkner* is to be applied prospectively only. We disagree.

Edward J. Hershewe, Glades & Hershewe, Joplin, for plaintiffs-appellants.

John R. Martin, Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, for defendants-respondents.

FLANIGAN, Judge.

In 1975 plaintiff Billy Joe Harnden, then a minor, was injured while he was underneath a "bush hog" trying to clear its blades which were entangled with barbed wire. The incident took place on a farm owned by defendant Wilson for whom Billy Joe was working. Wilson carried a "Farmowners Policy" with the Continental Insurance Company ("Continental"). Billy Joe and his parents, the latter on their derivative claim, brought a tort action against Wilson. Wilson defaulted and judgment was entered in favor of Billy Joe for $75,000 and in favor of his parents for $10,000.

Later the instant action was filed by plaintiffs Billy Joe and his parents against defendants Continental and Wilson. To the extent of the limits under the Continental policy, the petition sought payment (see § 379.200 RSMo 1969) of the judgment, then final, which plaintiffs had obtained against Wilson in the tort action. Attached as exhibits and incorporated in the petition were the petition in the tort action, the judgment in the tort action, and the insurance policy.

Apparently service was never obtained upon defendant Wilson. After filing its answer and after discovery had been conducted, Continental filed a motion for summary judgment. The motion recited that it was based upon plaintiffs' petition in the instant action, the exhibits attached thereto, plaintiffs' responses to Continental's requests for admissions, and an attached affidavit. The trial court sustained the motion and entered summary judgment in favor of Continental. Plaintiffs appeal.

Plaintiffs' first point is that the trial court erred in basing its ruling upon special exclusion (d)[1] of the policy because exclusion (d) is "clear and unambiguous when the applicable rules of grammar and punctuation are considered, and plaintiff Billy Joe is not excluded by the terms thereof." Plaintiffs' second point is that the trial court erred in basing its ruling upon special exclusion (d) because exclusion (d) "is ambiguous and it is susceptible of at least one reasonable inference that would uphold coverage." The two points will be considered together.

---

1. SPECIAL EXCLUSIONS

SECTION II OF THIS POLICY DOES NOT APPLY:

. . . . .

(d) under Coverage G, to bodily injury to any farm employee, arising out of and in the course of his employment by the Insured, and under Coverages G and H, to any person, including any residence employee or insured farm employee, (1) if the Insured has in effect on the date of the occurrence a policy providing workmen's compensation or occupational disease benefits therefor, or (2) if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation or occupational disease law; but this subdivision (2) does not apply with respect to Coverage G unless such benefits are payable or required to be provided by the Insured;

It is the duty of this court to interpret the insurance policy and to enforce it as it is written and not to remake it. This court may not, under the guise of liberal construction, create an ambiguity where none is present. Construction, in the usual sense, may be resorted to only when the policy language, in its ordinary meaning, is indefinite, ambiguous, or equivocal. *Kearbey v. Rel. L. Ins. Co. of Webster Groves*, 526 S.W.2d 866, 869[1, 2] (Mo.App.1975). "The meaning of the terms of an insurance policy is ordinarily tested by the common understanding and speech of men." *Greer v. Zurich Ins. Co.*, 441 S.W.2d 15, 27[12] (Mo. 1969).

■ Of special significance here are two additional principles of contract construction. The first is: "Taking its words in their ordinary and usual meaning, *no substantive clause must be allowed to perish by construction*, unless insurmountable obstacles stand in the way of any other course." (Emphasis added.) *State Mut. Life Assur. Co. of Worcester v. Dischinger*, 263 S.W.2d 394, 401 (Mo.1953). See also *Mathews v. Modern Woodmen of America*, 236 Mo. 326, 139 S.W. 151, 155 (1911). The second is: "In construing legal writings, generally the punctuation is subordinate to the text and the use of a period or other mark is not controlling upon the question of proper construction where such use would result in an unreasonable or absurd construction." *Johnson v. Flex-O-Lite Manufacturing Corporation*, 314 S.W.2d 75, 84[10] (Mo.1958).[2] See also 17 Am.Jur.2d Contracts § 279, p. 692.

Coverage G of the policy is entitled "Farmers Comprehensive Personal Liability." Under coverage G Continental agreed with the named insured Wilson "to pay . . . all sums which [Wilson] shall become legally obligated to pay as damages because of bodily injury . . . ." Coverage H is entitled "Personal Medical Payments." Under coverage H Continental agreed with the named insured Wilson "to pay all reasonable expenses incurred . . . for necessary medical . . . services . . . for each person who sustains bodily injury by accident . . . while on the premises with the permission of [Wilson]." Both coverage G and coverage H are in Section II of the policy.

The record reflects, and the excellent briefs of both sides seem to agree, that Billy Joe was a "farm employee" and was neither a "residence employee" nor an "insured farm employee" as those terms are defined in the policy.

■ For the purpose of this opinion the opening portion of exclusion (d)—"under Coverage G, to bodily injury to any farm employee, arising out of and in the course of his employment by the insured,"—will be called the first segment. The next portion of exclusion (d)—"and under Coverages G and H to any person, including any residence employee or insured farm employee,"—will be called the second segment. The remaining portion of exclusion (d) will be called the third segment. The third segment contains two subdivisions, (1) and (2), and the third segment is satisfied if either of those subdivisions is satisfied.

It is the position of plaintiffs that the third segment, in addition to applying to the second segment, also applies to, and thus restricts the operation of, the first segment. Plaintiffs say that the first segment does not stand alone and that it comes into play only if the third segment is satisfied.

It is the position of Continental that the third segment applies only to the second segment and does not apply to the first segment. Continental argues that the first segment is complete unto itself and that the first segment eliminates coverage G, under the circumstances here, because Billy Joe was a farm employee and his injury arose out of and in the course of his employment by Wilson.

2. "Punctuation is a most fallible standard by which to interpret a writing; it may be resorted to when all other means fail, but the court will first take the instrument by its four corners, in order to ascertain its true meaning; if that is apparent on judicially inspecting the whole, the punctuation will not be suffered to change it." *The Lessee of Ewing v. Burnet*, 11 Pet. 41, 54, 9 L.Ed. 624 (1837).

Plaintiffs concede, at least tacitly,[3] that if Continental's construction of the policy is valid there is no coverage. Continental concedes that if plaintiffs' construction of the policy is valid, there is coverage because Continental admits that the third segment was not satisfied.

The principal authority upon which plaintiffs rely is *Grayson v. Aetna Insurance Company*, 308 F.Supp. 922 (D.So.Car.1970). In *Grayson*, although a different insurer was involved, the exclusion was identical to exclusion (d) here. The injury of plaintiff, a farm employee of the insured, arose out of and in the course of his employment. The court held that the exclusion gave rise to a patent ambiguity and that under South Carolina law a construction will not be adopted that defeats recovery if the policy is reasonably susceptible of a meaning that will permit recovery. The court also held that two affidavits afforded "an additional sustaining ground" for granting summary judgment in favor of plaintiff. One of the affidavits was that of an English professor who advanced the same arguments, based on grammar and punctuation, which plaintiffs advance in the instant case. The other affidavit was that of the insured who testified that he bought the policy to protect himself from liability under the very circumstances which gave rise to plaintiff's injury and that he so notified the insurance agent who, by reason of a South Carolina statute, was the agent of the insurer.

For the reasons which follow, this court disagrees with the holding in *Grayson* and finds that exclusion (d) is not ambiguous and that plaintiffs' construction of exclusion (d) is not valid.

Plaintiffs seek to justify their construction of exclusion (d) on grounds of grammar and punctuation. Plaintiffs emphasize that a comma, as distinguished from a semicolon, separates the first segment from the second segment. Referring to the first segment and the second segment as "antecedent clauses" and referring to subdivisions (1) and (2) of the third segment as "restrictive clauses," plaintiffs say that there is a "generally recognized rule that no comma should be placed between restrictive clauses and that which they restrict and, furthermore, a restrictive clause should be set off by a comma *only* when it refers and is applicable to several antecedent clauses which are themselves separated by a comma." Plaintiffs also argue that the drafter of the policy was familiar with the use of a semicolon because one appears in the third segment.

Under plaintiffs' construction of exclusion (d), four situations may arise with respect to coverage G:

Situation I: (Combining the first segment with subdivision (1) of the third segment). Coverage G does not apply in the following combination of circumstances:

1. Bodily injury to any farm employee.

2. The injury arises out of and in the course of his employment by the insured.

3. The insured has in effect on the date of the occurrence a policy providing workmen's compensation or occupational disease benefits therefor.

Situation II: (Combining the first segment with subdivision (2) of the third segment). Coverage G does not apply in the following combination of circumstances:

1. Bodily injury to any farm employee.

2. The injury arises out of and in the course of his employment by the insured.

3. Benefits therefor are in whole or in part payable or required to be provided by the insured under any workmen's compensation or occupational disease law.

Situation III: (Combining the second segment[4] with subdivision (1) of the third seg-

---

**3.** Plaintiffs' brief says: "Billy Joe was working for Wilson and sustained bodily injuries arising out of and in the course of his employment." Later in their brief plaintiffs say: "Billy Joe was injured while doing farm work."

The record shows that the petition in the tort action was based on the theory that Billy Joe was a farm employee of Wilson and that his injuries arose out of and in the course of his employment.

**4.** The second segment deals with "any person, including any residence employee or insured farm employee." A farm employee, such as Billy Joe, of course, is included within the term "any person."

ment). Coverage G does not apply in the following combination of circumstances:

1. Bodily injury to any farm employee.

2. The insured has in effect on the date of the occurrence a policy providing workmen's compensation or occupational disease benefits therefor.

Situation IV: (Combining the second segment with subdivision (2) of the third segment). Coverage G does not apply in the following combination of circumstances:

1. Bodily injury to any farm employee.

2. Benefits therefor are in whole or in part payable or required to be provided by the insured under any workmen's compensation or occupational disease law.

Plaintiffs' construction of exclusion (d) is unsound. Under that construction coverage G does not apply in each of the four enumerated situations. Situations I and II arise *only* if the third segment applies to the first segment. Situations III and IV arise if, as the parties agree, the third segment applies to the second segment.

Situation III, however, covers *every* situation encompassed by situation I and more. Similarly, situation IV covers every situation encompassed by situation II and more. Under plaintiffs' construction of exclusion (d), situation I and situation II are both expressly stated. The salient fact is that both situation I and situation II are superfluous. Plaintiffs' construction would allow the first segment to have no function whatsoever. Under the Missouri authorities previously cited, no substantive clause may be allowed to perish by construction, unless insurmountable obstacles stand in the way of any other course. The use of a comma, as distinguished from a semicolon, to separate the second segment from the first segment, is not such an insurmountable obstacle.

Unless the first segment of exclusion (d) stands alone, independent of the third segment, there was no reason to insert the first segment in exclusion (d). The only reasonable construction of exclusion (d) is that the third segment restricts the operation of the second segment but does not restrict the first segment.

This court holds that the trial court was correct in giving the policy the construction which Continental places upon it here. The judgment is affirmed.

GREENE, P. J., and TITUS, J., concur.