JOHN DRENNON & SONS COMPANY, Plaintiff-Respondent,

v.

NEW HAMPSHIRE INSURANCE COMPANY, Defendant-Appellant.

No. 12671.

Missouri Court of Appeals, Southern District, Division One.

July 20, 1982.

---

J. Bruce McCurry, Dickey, Allemann & McCurry, Springfield, for plaintiff-respondent.

Glenn A. Burkart, Mann, Walter, Burkart, Weathers & Walter, Springfield, for defendant-appellant.

PREWITT, Judge.

Plaintiff sought recovery under the terms of an insurance policy and received a jury verdict for $25,000. Judgment was entered in accordance with the verdict. Defendant appeals.

Plaintiff's truck crane was damaged while it and another crane owned by plaintiff were being used to move a microwave tower. Plaintiff's primary business is renting cranes. While the tower was suspended in midair, the upper end of it buckled and fell against the crane, damaging it. The repair cost exceeded the policy limit of $25,000. A portion of the policy stated:

> "THIS POLICY INSURES MACHINERY AND EQUIPMENT OF ALL TYPES AND MATERIALS INCIDENTAL THERETO, THE PROPERTY OF THE ASSURED, THE PROPERTY OF OTHERS WHICH THE ASSURED HAS AGREED TO INSTALL, HOIST, LOWER OR SET IN POSITION, WHILE IN TRANSIT, DURING LOADING OR UNLOADING AND WHILE TEMPORARILY LOCATED WHERE SUCH PROPERTY IS TO BE INSTALLED."

Relying on that provision of the policy, defendant contends that plaintiff failed to make a submissible case because it failed to prove that the damaged crane was machinery or equipment which plaintiff had "agreed to install, to hoist, or to set in position, while in transit, during loading or unloading and while temporarily located

where such property is to be installed." Plaintiff claims that the policy covers the crane without regard to any other conditions and that the language on which defendant relies is relevant only to show when property of others is covered. We agree with plaintiff.

The clause beginning, "THE PROPERTY OF OTHERS WHICH THE ASSURED HAS AGREED TO INSTALL", does not have a comma after "OTHERS", and that leads us to believe that the portion of the paragraph on which defendant relies only refers to the property of others. Defendant asserts that we should ignore the punctuation, but we decline to do so. While punctuation may not be controlling, we believe it is to be considered. See *Johnson v. Flex-O-Lite Manufacturing Corporation*, 314 S.W.2d 75, 84 (Mo.1958); *Harnden v. Continental Insurance Company*, 612 S.W.2d 392, 394 (Mo.App.1981). The best we can say for defendant's contention is that this provision of the policy might be ambiguous. If so, we would construe it in favor of plaintiff. *Heshion Motors, Inc. v. Western International Hotels*, 600 S.W.2d 526, 537–538 (Mo.App.1980). Under either approach the plaintiff's interpretation would prevail. This point is denied.

For its second point defendant contends that the trial court erred in giving the submission instruction tendered by plaintiff because it was not supported by the evidence. That instruction said:

"Your verdict must be for plaintiff if you believe:

First, defendant issued its policy to plaintiff on the truck crane covering loss due to direct loss or damage by breakage due to hoisting, and

Second, such property was damaged by direct loss or damage by breakage due to hoisting."

Defendant claims that there was no evidence that the truck crane was damaged "by direct loss or damage by breakage due to hoisting." "Hoist" means "to raise or haul up, particularly with the help of a mechanical apparatus." The American Heritage Dictionary 627 (1978). The evidence showed that all raising of the tower had finished before it fell. The tower was suspended above the ground at the time and the next step was to "swing it around" and then lower it to the ground. Defendant contends that "hoisting" was not the direct cause of the damage as no further lifting was to be done, and the damage was directly due to the collapse of a section of the tower.

The direct cause of an event is that which in a natural and continuous sequence, unbroken by any new cause, produces the event and without which the event would not have occurred. *Coates v. Dewoskin*, 379 S.W.2d 146, 148 (Mo.App.1964). Direct is a synonym of proximate. Id. "Direct" as used in an insurance policy relates to causal connection and is to be interpreted as the immediate or proximate cause as distinguished from the remote cause. *Boecker v. Aetna Casualty & Surety Company*, 281 S.W.2d 561, 565 (Mo.App.1955). A cause is proximate if it is the efficient cause which sets in motion the chain of circumstances leading up to the damage and which in a natural, continuous sequence, unbroken by a new and independent cause, produced the damage. Id. 281 S.W.2d at 564. See also *Cova v. Bankers & Shippers Ins. Co. of New York*, 100 S.W.2d 23 (Mo.App.1937); *Mork v. Eureka-Security Fire & Marine Ins. Co.*, 230 Minn. 382, 42 N.W.2d 33, 36, 28 A.L.R.2d 987, 991 (1950). The product of two or more concurrent and contributing causes is the direct result of each, although neither is the sole cause. *Mitchell v. City of Springfield*, 410 S.W.2d 585, 588 (Mo.App.1966).

While other factors may have entered into the damage, we think that hoisting was a direct cause. Hoisting the tower apparently put it in a position which caused it to collapse. If it had not been hoisted by the cranes, it could not have caused the damage in the manner that it did. Point two is denied.

The judgment is affirmed.

GREENE, C. J., FLANIGAN, P. J., and TITUS, J., concur.